**Dennis M. MICK, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57365.**

Supreme Court of Missouri,
Division No. 1.

Dec. 11, 1972.

Donald G. Kimball, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from denial of relief in proceeding under Supreme Court Rule 27.26, V.A.M.R., to set aside conviction and sentence to consecutive five-year terms on plea of guilty to charge of burglary and stealing in connection therewith.

On December 15, 1969, an information was filed in the Clinton County Circuit Court charging Dennis M. Mick with burglary and stealing. On March 16, 1970, Mick, with appointed counsel, appeared in the Clinton County Circuit Court and requested withdrawal of a prior plea of not guilty to the charges and entry of a plea of guilty. The court interrogated Mick as to whether any promises had been made to him and received a negative response. Right to trial by a jury was explained. The court explained that the range of punishment for the offense was from two to fifteen years. Defendant acknowledged that he understood. The defendant, in response to the court's inquiry, told of the offense. He told the court that the property taken had been returned to its owner and that he had repaired the damage to the building. He told the court that he had a prior conviction for burglary and stealing for which he had served a term in Algoa and from which he had been discharged about a year before. The court ordered a presentence investigation.

On April 21, 1970, Mick again appeared and was informed by the court that the presentence investigation had been received and studied. Mick's attorney told the court of the restitution his client had made and that he had been steadily employed since the time of the occurrence and had demonstrated that he could be a good citizen.

The court noted that, on his prior sentence and parole, the defendant had failed to abide by the terms of the parole and was imprisoned and that less than five months after his discharge he committed the offense for which he was to be sentenced. The court then sentenced the defendant to five years for each offense, the sentences to run consecutively.

On April 13, 1971, the defendant filed a motion under Supreme Court Rule 27.26, V.A.M.R., alleging as grounds for relief that he was induced to enter his plea by misapprehension and that it was his belief that he would receive a parole or as light a

sentence as his codefendant in the case. He alleged that the codefendant received a three-year sentence and a bench parole.

Mick testified at the hearing on the motion. He stated that his attorney advised him that he would try to put the matter off and that if Mick would get a job and demonstrate that he was trying to go straight and do right, he would have a better chance for a parole or a lighter sentence. Mick and his attorney discussed the disposition of his codefendant's case. He said that he discussed the matter with his attorney several times and that, although the attorney did not tell him what he thought the sentence might be, Mick had the impression when he entered his plea that he would receive a three to five-year sentence and might be paroled. He stated that his impression was not based upon a statement or promise from anyone.

Mick's attorney testified that from his knowledge of the case against his client he felt, and so advised the defendant, that he would not likely be exonerated on a jury trial. He told the defendant that he thought the best course would be for him to get released on bond and get a job and demonstrate that he could become a useful member of society in the hope that such a record would impress the sentencing court upon a guilty plea and he would thereby enhance his chance for a parole or lesser sentence. He testified that Mick followed his advice and did work regularly. He discussed the matter with the client from time to time and postponed the matter until the state insisted that he either "fish or cut bait." He said that he discussed the disposition of the codefendant's case and told Mick that he probably would not receive equally lenient treatment because he was older and had a prior record, but he did tell Mick that courts sometimes measure their sentences according to what a codefendant receives. The attorney stated that he made no promise to Mick and did not express an opinion either as to the possibility of parole or length of sentence. He discussed the case with the prosecutor and was told that the state could make no recommendation.

At the conclusion of the hearing, the trial court made the following finding:

"The Court does not believe that the movant was misled in any way—movant's motion to show that he was misled (sic)—and the Court does not find any evidence that the man was misled in any way. He may have had hopes, I would say hopes of getting three to five and his hopes proved to be ill-founded, but the purpose of 27.26, is it (sic) not, is to review harsh sentences. If there has been a mistake made, the man should not have pled guilty. Why there is no question here but that the man is guilty. He admits that. He just wants to get less time. I don't blame him. I would like to do that too but that isn't the question. The question is whether or not something happened to you at this trial, which we are hearing, at the time you pled that wasn't right, whether or not you were misled or something. Your attorney did not mislead you. There is no evidence at all that he told you anything that wasn't true, and the Court does not find or is unable to find your plea was involuntary in any way, so the motion is denied."

On this record, the trial court's findings and denial of relief are not clearly erroneous. Supreme Court Rule 27.26(j), V.A.M.R. A disappointed hope of a lesser sentence than that actually received does not render a plea of guilty involuntary when the hope was not based upon positive representations upon which the defendant was entitled to rely. State v. Rose, Mo. Sup., 440 S.W.2d 441, cited and relied upon by appellant, distinguishes between "specific assurances and opinion or speculation based upon general court practice." 440 S.W.2d 445 [5]. Here there were no specific assurances and the trial court's finding that the defendant's hope for a lighter sentence turned out to be ill-founded did not require that the defendant be permitted to withdraw his plea. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25

455

L.Ed.2d 747; State v. Harris, Mo.Sup., 382 S.W.2d 642, 645.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.