**Richard Owen BEEMAN, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56961.**

Supreme Court of Missouri,
Division No. 2.

Dec. 10, 1973.

David A. Yarger, Woolsey & Yarger, Versailles, for movant-appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Richard Owen Beeman entered a plea of guilty to a charge of first degree murder on December 13, 1961 and was sentenced to life imprisonment. On June 8, 1968 appellant filed a motion to vacate judgment and set aside sentence under Rule 27.26, V.A.M.R. Following an evidentiary hearing the motion was overruled on April 7, 1971. An appeal to this Court was taken from this order on April 15, 1971.

■ Appellant's first point is that prosecution of appellant by information rather than by indictment denies him equal protection of the law under the Fifth Amendment to the Constitution of the United States, which provides that no person shall be held to answer for a capital or otherwise infamous crime "unless on a presentment or indictment of a Grand Jury * * *." Appellant cites no cases in support of this point. In State v. Waller, 382 S.W.2d 668, 671[4] (Mo.1964), this Court held that the Fifth Amendment "has no application to state procedure in this regard," citing Hurtado v. California, 110 U.S. 516, 534, 4 S.Ct. 111, 28 L.Ed. 232 (1884), and State v. Cooper, 344 S.W.2d 72, 74[1–3] (Mo.1961). The provision of Mo.Const. Art. I, § 17, V.A.M.S., authorizing persons to be prosecuted for felony by indictment *or information,* which specifically states that these are concurrent remedies, "is not violative of the due process and equal protection of the laws clauses of the Federal Constitution, Amend. 14." State v. Cooper, supra, 344 S.W.2d, 1. c. 75 [3], citing State v. Jones, 168 Mo. 398, 68 S.W. 566, 567 (Mo. 1902); Lyle v. Eidson, 182 F.2d 344, 345 (8th Cir. 1950), and Hurtado v. California, supra. Cooper was followed in State v. Martin, 395 S.W.2d 97 (Mo.1965). Martin was cited in State v. Coleman, 460 S.W.2d 719, 727 (Mo.1970), in which this Court, sitting en banc, disallowed the point, saying, "We have repeatedly held that the Fifth Amendment, in the respect under consideration, is a limitation on the powers of the government of the United States and not upon the governments of the several states. * * *"

■■ Appellant's second point is that his plea of guilty was induced by fear of an unconstitutional punishment, to wit, the death penalty, amounting to coercion so as to render the plea involuntary, and he was thereby deprived of due process and equal protection of the laws. "It is now well settled that a plea of guilty is not invalid merely because it is entered to avoid the possibility of a death penalty. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. And that is so, even though defendant is unwilling to admit participation in the crime. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162." Skaggs v. State, 476 S.W.2d 524, 528[6] (Mo.1972). See also Evans v. State, 477 S.W.2d 94, 97[5] (Mo.1972); Bradley v. State, 476 S.W.2d 499 (Mo. 1972); Watson v. State, 475 S.W.2d 8 (Mo. 1972); State v. Townsend, 462 S.W.2d 754, 756[1] (Mo.1971); Moore v. State, 461 S.W.2d 881, 886[3] (Mo.1971). "The dilemma confronting a person charged with first degree murder (whether to plead guilty in the expectation that he would receive a life sentence or stand trial and risk possible imposition of the death penalty) 'does not

amount to coercion of the sort which means that his plea of guilty is coerced and subject to collateral attack.' Fleck v. State, Mo.Sup., 443 S.W.2d 100, 103, and cases cited." Richardson v. State, 470 S. W.2d 479, 484[7] (Mo.1971). The fear of the death penalty "does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice * * *." North Carolina v. Alford, supra, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). It is only one of several factors to be considered. Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). From this record the circuit court's finding that the plea of guilty was entered "voluntarily with a full understanding of the charge, of his rights and of the range of punishment" is not clearly erroneous. Without reciting and recounting what transpired at the hearing at which the plea of guilty was entered, and without reviewing the testimony at the 27.26 hearing, suffice it to say that at the 1961 hearing there was full compliance with the requirement of Rule 25.04 that the court not accept a plea of guilty without first determining that the plea is made voluntarily with understanding of the nature of the charge, and at the 27.26 hearing the appellant failed to sustain his burden of showing by a preponderance of the evidence that manifest injustice resulted from acceptance of his plea of guilty.

Appellant's third point is that his plea of guilty was induced by inadequacy of representation by court-appointed counsel "thereby resulting in said plea being involuntary and depriving appellant of due process and equal protection of the laws." Specifically, the complaints against counsel are that although appellant requested a change of venue counsel failed to obtain a change, and that codefendant Blood requested a severance but that counsel stated this was not possible; and no severance was taken.

*As to the change of venue:* Counsel made an oral application for a change of venue, which was denied by the judge, who suggested that counsel make a formal application. Counsel was acquainted with the local situation, being a resident of Miller County, where the murder occurred. Counsel read the local newspaper and the Jefferson City newspaper accounts of the events which led up to the filing of charges against appellant and Blood. The news accounts were factual. There were no newspaper articles calling for lynching. The news reporting broadcast on the radio about the crime was factual. There were no mobs or violent groups of people bent on doing harm to the suspects. Counsel attempted to get the affidavits of prejudice required for a change of venue. He talked to several acquaintances to determine whether any of them would sign an affidavit but was "unable, conscientiously, to obtain any affidavits of prejudice against these men." Counsel advised defendants that in his personal judgment they were as well off having a trial in Miller County as elsewhere and not to worry about a change of venue. The circuit court made the following finding on the matter of change of venue: "If prejudice existed in Miller County as alleged by them, which this Court does not find as a fact, still the movants were not prejudiced thereby, since they were assessed the minimum sentence possible under the charge to which they pleaded guilty."

■■ Whether the matter should have been further pursued by counsel, after the court's denial of the oral application for a change of venue and after counsel's investigation revealed no existing prejudice, was a matter of trial tactics and a matter resting within his conscience. Counsel testified that he had explained to appellant his right to trial by jury, and his right to summon and compel attendance of witnesses, to confront his accusers, etc., but that there was "no question of guilt or innocence involved in this matter; it was a question of what the penalty was going to be." That appellant never entertained any

intention of submitting his case to a jury is indicated by appellant's testimony that "there was no argument" about whether a plea of guilty was to be entered. In this situation, in which it appears that trial by jury was not contemplated and a plea of guilty was intended, it is difficult to see how or in what manner failure of counsel to obtain a change of venue from the inhabitants of Miller County could possibly have prejudicially affected appellant's rights. Appellant has failed to show resulting prejudice. Appellant testified to his fear of mob action, not on the basis of personal knowledge, but on the basis of a statement he attributed to the sheriff and his conclusion that the attitude of the people "couldn't have been anything but hostile" because of newspaper and television coverage. There was other evidence from which it could be inferred that appellant's fear was unfounded, but if in fact the inhabitants of Miller County were prejudiced against appellant and if a change of venue had been granted to another county or circuit there is nothing to show that appellant's prospects would have been improved; nothing to show that he would have received a lesser sentence on a plea of guilty, or that the charge would have been reduced. There is no claim that the Judge of the Circuit Court of Miller County was prejudiced against him, or that he could not obtain a fair hearing of his plea of guilty in that county; no proof of prejudice resulting from the failure of counsel to obtain a change of venue. Appellant did not go to trial before a jury made up of inhabitants of Miller County and there is nothing to indicate that he ever intended to submit his case to a jury, there or elsewhere. It was the attorney's judgment that appellant would be as well off pleading guilty in Miller County as elsewhere. Appellant received the minimum sentence there, and the several other charges pending against him were dropped, as he had been promised. We cannot fault counsel in retrospect on the tactical decision not to further pursue the matter of change of venue. Even where a case goes to trial before a jury "counsel's tactical decision [not to take a change of venue for his client] is not a subject for hindsight, particularly where the decision is not manifestly wrong, which is not shown in this case. State v. Howard, Mo., 383 S.W.2d 701, 703[4]." Mace v. State, 452 S.W.2d 130, 135[7] (Mo.1970). Furthermore, after making an unsuccessful effort to obtain affidavits of prejudice, counsel reached the conclusion as a matter of conscience that he could not and should not pursue the matter of change of venue. The obligation of counsel to adequately represent an accused does not require that he violate his conscience by seeking affidavits of prejudice when his investigation leads him to the bona fide belief that prejudice does not exist. We find no merit in appellant's contention that he was not given effective representation and that his plea was thereby rendered involuntary, on the basis of the failure of counsel to obtain a change of venue, and the court's finding in this respect is not clearly erroneous.

■ *As to the severance:* Appellant did not testify with reference to the matter of severance. Codefendant Blood testified that Blood requested this attorney (who was appointed to represent both defendants) to secure a severance of his charge but that the attorney informed him that this was not possible. The attorney testified in contradiction that he advised defendants that they had a right to be tried separately if they so desired, but that "[a]t no time was a severance requested by either of the defendants." The court evidently accepted the testimony of the attorney on this point and rejected that of Blood. Counsel's testimony provided the basis for a finding that there was no ineffective representation in re severance. The court found that appellant was represented by competent counsel, and that appellant failed to prove any allegation in his motion entitling him to the relief sought.

These findings are not clearly erroneous but are supported in this record.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.