Fuller CHRISTIAN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD26462.

Missouri Court of Appeals,
Kansas City District.

May 6, 1974.

Sloan R. Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

DIXON, Chief Judge.

This is an appeal by movant from a denial in the trial court of movant's motion

under Rule 27.26, V.A.M.R., for relief from a sentence of imprisonment for fifty years imposed on his plea of guilty to second degree murder. We affirm.

On January 7, 1970, movant was charged with first degree murder for the killing of Michael Iser during the armed robbery of a Safeway grocery store at 1215 Westport Road, Kansas City, Missouri, on November 18, 1969. Movant was arrested on November 28, 1969. He was fifteen years old at the time. On November 29, 1969, movant confessed to the armed robbery and the striking of Michael Iser with his gun. Movant made the confession while he was being detained at the juvenile detention hall. He confessed in the presence of two police detectives and a juvenile officer. Movant was certified to stand trial as an adult after a juvenile court certification hearing on December 18, 1969. Movant was represented by counsel at the certification hearing, the arraignment, and the plea hearing.

Movant's points raised in his appellate brief are that (1) at the time his guilty plea was entered, the juvenile court retained jurisdiction over him, (2) movant's plea was not voluntarily and understandingly entered because movant believed a confession he made at the juvenile detention center was admissible against him in the trial court and movant was misled by hopes which proved to be false and ill-founded as held out by his attorney; (3) movant was denied the effective assistance of counsel who failed to advise movant properly on the law regarding the admissibility of his confession and who misled and induced movant to plead guilty by the holding out of hopes which proved false and ill-founded.

■ Movant's claim that the juvenile court retained jurisdiction over him at the time he entered his plea approaches frivolity since the court specifically released the jurisdiction of all juvenile charges in the following specific language:

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the petition filed in this cause be and the same is hereby dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Cause No. 42280 be terminated and that said child be released and discharged from the jurisdiction of this court."

Movant's second point on appeal concerns the voluntariness and understanding with which he entered his guilty plea.

First, movant claims that because, at the time he entered his guilty plea, he believed the confession he had made at the juvenile detention center was admissible against him in a trial, he, therefore, did not voluntarily and understandingly enter his guilty plea.

The only evidence in the transcript that the principal factor in causing movant to plead guilty was that he believed the confession could be used against him at the trial is that of the movant's own testimony. His attorney testified that he did not advise movant to plead guilty on the basis of his confession alone. Movant's father did not testify, or indicate that, the principal factor in causing movant to plead guilty was that movant believed the confession admissible against him. Movant's father was present at, and met with movant prior to, the plea hearing.

■ In determining the voluntariness and understanding with which a guilty plea is entered, the admissibility of a prior confession, and the effect that confession has on defendant's guilty plea, is only one factor among many that should be considered. Redus v. State, 470 S.W.2d 539, 540 (Mo. 1971) held that "a confession which might not have been admissible in the event of trial does not, in and of itself, invalidate a subsequent plea of guilty; but, it is simply a factor to be considered along with other facts and circumstances in determining whether the plea of guilty was understandingly and voluntarily entered."

■ Appellant's belief concerning the admissibility of his confession is not, alone,

sufficient to invalidate his guilty plea. The only other factor movant asserts as likewise limiting the voluntariness and understanding with which he entered his plea is that hopes were held out to movant by his attorney that proved to be false and ill-founded.

Despite appellant's assertions, there is no evidence that any promises were made to movant which caused him to plead guilty. Movant testified that his attorney told him he would "probably get a parole and not more than ten years." However, movant conceded this was just a "suggestion" by his attorney that he might receive such a sentence if he pled guilty; that it was his "best professional guess." An indication of the vacillating, self-serving nature of movant's testimony is that, at one point, he testified that his attorney allegedly promised him he would receive no more than a fifteen-year sentence; while, at another point, movant testified that his attorney suggested he would receive a parole and ten years if he pled guilty. Movant's father provided the only support for appellant's assertions. Mr. Christian testified that the attorney told him that if the movant pled guilty "they would probably turn him back over to you."

Movant's attorney testified unequivocally that he made no promises to movant. He stated that it was movant's idea to plead guilty.

It was the duty of the trial court to determine the credibility of the witnesses. Here it chose not to accept the claims of the movant, which it was entitled to do. Simpson v. State, 487 S.W.2d 512 (Mo. 1972). The determination of the trial court on this issue is not "clearly erroneous." Warren v. State, 482 S.W.2d 497 (Mo.Banc 1972). At best, movant's claims assert only that his attorney rendered an opinion on the consequence of movant entering a guilty plea; that is insufficient evidence upon which to invalidate a guilty plea. Goodloe v. State, 486 S..W.2d 430 (Mo.1972). Barylski v. State, 473 S.W.2d 399 (Mo.1971).

Since movant's argument that false hopes were held out to him which thereby induced him to plead guilty is without sufficient support, his concurrent assertion that because he believed his confession admissible at a trial his guilty plea is, therefore, involuntary and lacked understanding, is left alone. As stated above, the belief in the admissibility of a prior confession, without more, is insufficient to vacate a conviction entered on a later guilty plea. Redus v. State, supra. Lee v. State, 460 S.W.2d 564 (Mo.1970). McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

Appellant's final contention is that he was denied the effective assistance of counsel because his counsel failed to advise him properly on the law regarding his confession to juvenile authorities, and misled and induced appellant to plead guilty by the holding out of hopes which proved false and ill-founded. The point concerning the holding out of ill-founded hopes has been discussed above.

In assessing the effectiveness of counsel, "[t]he ultimate test is whether the efforts and representation of the attorney have reached a level of adequacy so that the defendant has had a 'fair trial'; or if a plea of guilty is entered, that there has been such adequacy of representation that the plea is voluntarily and understandingly made." Hall v. State, 496 S.W.2d 300, 303 (Mo.App.1973).

There is a dearth of evidence in the trial transcript or the exhibits indicating unfairness in the juvenile hearing or inadequacy of representation affecting the voluntariness of the plea. Movant's attorney accompanied movant to the juvenile court hearing, the arraignment and the plea hearing. He spoke with movant's father several times on the telephone about the case. He testified that he was prepared to

offer a defense at a jury trial for the movant. He testified that he felt the confession and the weight of the testimony of witnesses at the arraignment were a principal factor in the movant's change of his plea of not guilty at the arraignment to guilty at the plea hearing. He questioned movant about the voluntariness of the confession.

The question of movant's attorney's belief and advice about the admissibility of movant's confession is a peculiar one.

Movant made his confession on November 29, 1969. The section of the juvenile code concerning the admissibility of confessions made to juvenile authorities at later criminal proceedings was Section 211.-271(3) RSMo 1969, V.A.M.S. Section 211.271(3) had only become effective on October 13, 1969. Movant entered his plea of guilty on February 10, 1970.

Movant's attorney did not have the benefit of any cases construing Section 211.-271(3). There is no evidence in the transcript that movant's attorney was aware or unaware of the relatively new amendment to the juvenile code; therefore, we assume he was aware of the new law. Movant's attorney, then, was faced with whether to seek a first impression interpretation of the statute.

A valid question would be whether the statement made by movant was "to the juvenile officer or juvenile court personnel." Under the facts, the two police detectives asked movant several questions about his rights, had him sign a paper indicating a knowledgeable waiver of all his rights, and wrote movant's confession out in longhand. A juvenile officer was present during the confession in the juvenile detention center. Movant's attorney apparently decided that under these circumstances, even with the new legislation, movant's confession was admissible at a trial. Movant's attorney

did have the benefit of the holding in State v. Arbeiter, 449 S.W.2d 627 (Mo. 1970). Arbeiter, supra, which, even so, may be distinguishable on its facts since the confession there was not made in the presence of police detectives.

Even with the benefit of hindsight, it is still unclear how the trial court judge would have interpreted Section 211.271(3) at that time. Mr. Justice White deals with this problem in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970):

> "That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. Courts continue to have serious differences among themselves on the admissibility of evidence, both with respect to the proper standard by which the facts are to be judged and with respect to the application of that standard to particular facts. That this Court might hold a defendant's confession inadmissible in evidence, possibly by a divided vote, hardly justifies a conclusion that the defendant's attorney was incompetent or ineffective when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty."

It was not clearly erroneous for the trial court to have ruled the assistance of movant's attorney as effective considering the weight of the testimony of witnesses at the preliminary hearing, as stated by movant's attorney, and the state of flux in the construction, or lack thereof, of the relevant statutory section.

We rule that the findings of fact and conclusions of law by the trial court are not clearly erroneous, and the judgment is affirmed.

All concur.