**Ronald Bruce ROGERS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10637.**

Missouri Court of Appeals,
Springfield District.

March 30, 1978.

James F. DeNeen, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Movant Ronald Bruce Rogers appeals from a denial, after evidentiary hearing, of his Rule 27.26[1] motion to set aside a judgment and sentence for murder in the second degree. The slaying took place on July 15, 1976.

The original information charged movant with the offense of capital murder. On the date of the offense the statute defining capital murder was § 559.005 (RSMo Supp. 1975).[2]

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1969, V.A.M.S.

2. In *State v. Duren*, 547 S.W.2d 476 (Mo. banc 1977) the court held, at p. 480, that § 559.005, defining "capital murder," and § 559.009 (RSMo Supp.1975) "fail[ed] to provide a constitutionally acceptable procedure in Missouri for imposition of the death penalty." However,

the court also held that § 559.011 (RSMo Supp. 1975) "is a viable statute" and that prosecution may be had under § 559.005 with punishment as specified in § 559.011. See also *State v. Keet*, 547 S.W.2d 481 (Mo. banc 1977) and *State v. Burkart*, 548 S.W.2d 550 (Mo. banc 1977). Section 559.011 provided, in essence, that if the death penalty for capital murder be held unconstitutional, as it was in *Duren*, all killings included in the definition of capital murder would be deemed murder in the first

On November 30, 1976, movant and his attorney William Fleischaker appeared before the Circuit Court of Jasper County. On that date the state filed an amended information which reduced the charge to murder in the second degree. Defendant entered a plea of guilty to the reduced charge and was sentenced to life imprisonment.

The hearing on the Rule 27.26 motion was held on February 9, 1977. Thereafter the court made findings of fact and conclusions of law, as required by Rule 27.26(i), and denied the motion.

On this appeal movant asserts that he was entitled to relief on his motion (and that the trial court erred in denying same) because movant's attorney Fleischaker was "inadequate," thereby tainting the plea. Movant bases his complaint of counsel's inadequacy on three grounds, each of which is particularized in a "point relied on." Those points are: (1) counsel failed to inform the sentencing judge of "mitigating circumstances"; (2) counsel failed to file an application for change of venue; and (3) counsel failed to advise movant that a life sentence was "a real substantial possibility."

■ Inasmuch as the judgment and sentence are based upon a plea of guilty, the issue of counsel's adequacy is material only to the extent that it bears on the voluntariness and understanding of the plea. *Barylski v. State*, 473 S.W.2d 399, 401[1] (Mo. 1971); *Bennett v. State*, 549 S.W.2d 585, 587[4] (Mo.App.1977).

■ At least one answer to point (1) is that it has no factual support. Each of the "mitigating circumstances" to which movant alludes was brought to the attention of the sentencing judge on November 30, 1976 and prior to the sentencing. Among the trial court's findings in denying the Rule 27.26 motion is the following: "The court states that it was indeed aware of movant's so-called mitigating facts and circumstances surrounding the homicide and made its decision to impose a life sentence based on all facts presented." This court has reviewed the record of the guilty plea hearing and the record of the motion hearing. The quoted finding is not "clearly erroneous," Rule 27.26(j), and indeed is fully supported by those records. Point (1) has no merit.

■ With respect to point (2), attorney Fleischaker, testifying on behalf of movant at the motion hearing, stated that he and movant had discussed at length the matter of applying for a change of venue. Fleischaker pointed out to movant that such an application might not be successful.[3] Fleischaker and movant also discussed the fact that if the application were successful, the case might be sent to a county where the atmosphere might be less favorable to movant than that of Jasper County in view of the "racial factor."[4] Fleischaker further stated that he and movant decided not to apply for a change of venue and that the decision "was a strategic one, based on the fact that at least in the defense of his case we hoped we might get some racially prejudiced people on the jury." Fleischaker also testified that movant did not want to undergo a trial on the charge of capital murder and he was willing to enter a plea of

---

degree, requiring, when construed with § 559.-009, para. 3., a punishment of life imprisonment plus non-eligibility for probation or parole until service of a minimum of 50 years of the sentence.

The statutes mentioned above in this footnote were repealed in 1977. (H.B. No. 90 § A, effective May 26, 1977). For current murder statutes see § 565.001 et seq. (RSMo Supp. 1977).

3. Rule 30.04 and § 545.490 provide that, in a county such as Jasper County, the defendant seeking a change of venue must prove the truth

of his allegations of prejudice by competent evidence and the state is authorized to offer rebutting evidence. When that procedure is followed, the granting of a change of venue is a matter within the discretion of the trial court and its ruling is not to be disturbed on appeal unless an abuse of discretion is demonstrated. *State v. Parcel*, 546 S.W.2d 571, 574[11] (Mo. App.1977). See also *State v. Odom*, 369 S.W.2d 173 (Mo. banc 1963).

4. The victim was a black man; movant is a white man.

guilty to murder in the second degree in order to avoid such a trial.[5]

In *Beeman v. State*, 502 S.W.2d 254 (Mo. 1973), an accused entered a plea of guilty to a charge of first degree murder and was sentenced to life imprisonment. In a subsequent proceeding under Rule 27.26 he claimed his plea was tainted by counsel's failure to obtain a change of venue. Counsel had in fact made an oral application for a change of venue which was denied, the judge suggesting that a formal application be made. Counsel conducted an investigation into the matter but failed to file a formal application.

At p. 256 the court said:

"Whether the matter should have been further pursued by counsel after the court's denial of the oral application for a change of venue and after counsel's investigation revealed no existing prejudice, was a matter of trial tactics and a matter resting within his conscience. . . . In this situation, in which it appears that trial by jury was not contemplated and a plea of guilty was intended, it is difficult to see how or in what manner failure of counsel to obtain a change of venue from the inhabitants of Miller County could possibly have prejudicially affected appellant's rights. Appellant has failed to show resulting prejudice. . . . There is no claim that the Judge of the Circuit Court of Miller County was prejudiced against him, or that he could not obtain a fair hearing of his plea of guilty in that county; no proof of prejudice resulting from the failure of counsel to obtain a change of venue."

The trial court, in the case at bar, found that "the matter of change of venue was discussed between movant and his attorney, not only as to the possible success of such a motion, but also if successful the problem of where the case would be transferred; that the movant was aware of the problems involved and agreed as a matter of strategy not to apply for such a change. The decision not to apply for a change of venue was not manifestly wrong and should not be the basis for setting aside this conviction. *Mace v. State of Missouri*, 452 S.W.2d 130 (Mo.1970). Again, the movant was a very intelligent and aware individual, and the court would consider it highly unlikely that he would have just gone along with his attorney in this regard without question."

There is no merit in movant's contention that he was not given effective representation, and that his plea was thereby tainted, on the basis of counsel's failure to apply for a change of venue. The trial court's finding in this respect is not "clearly erroneous." Point (2) has no merit.

■ With respect to point (3), attorney Fleischaker testified, and the trial court found, that Fleischaker fully informed movant with respect to the statutory range of punishments for murder in the second degree. It is true that Fleischaker told movant that it was Fleischaker's opinion that "the judge would give him something less than life." Fleischaker also stated: "I told him, however, that it was totally within the realm of possibility that the judge would give a life sentence. I was as surprised as [movant] when the judge took the action he did but I certainly had told [movant] of the possibility that that might take place." Movant himself testified that Fleischaker had informed him that a life sentence was within the statutory range.

On the day of the sentencing, and prior to the entry of the plea, movant had executed a "plea form" on which he acknowledged that Fleischaker had "made no promises or statements as to what the court would do on a plea." Under questioning by the

---

5. "Appellant's second point is that his plea of guilty was induced by fear of an unconstitutional punishment, to wit, the death penalty, amounting to coercion so as to render the plea involuntary, and he was thereby deprived of due process and equal protection of the laws. 'It is now well settled that a plea of guilty is not invalid merely because it is entered to avoid the possibility of a death penalty. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747. And that is so, even though defendant is unwilling to admit participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.' " *Beeman v. State*, 502 S.W.2d 254, 255[2, 3] (Mo.1973).

court, prior to the acceptance of the plea, movant reiterated that fact. The court also informed movant of the range of punishments.

The trial court found, and the record supports the finding, that prior to the entry of the plea movant was fully informed of the range of possible punishments. Although movant and his counsel may have indulged in hopeful speculation that the actual punishment would be something less than a life sentence, the trial court properly found that there was no "specific assurance," emanating from attorney Fleischaker or from anyone else, that a lesser punishment than a life sentence would be imposed. See *State v. Rose*, 440 S.W.2d 441, 445[5] (Mo.1969); *Mick v. State*, 487 S.W.2d 452, 454[1, 2] (Mo.1972); *Abrams v. State*, 521 S.W.2d 177, 180[4–7] (Mo.App.1975). As stated in *Abrams*, "A disappointed hope of a lesser sentence than that actually received does not render a plea involuntary."

Mr. Fleischaker had informed movant of the statutory range of punishments and had told him that a life sentence was "totally within the realm of possibility." Movant complains of counsel's failure to inform him that such a sentence was "a real substantial possibility." The advice which was given was accurate and adequate. That advice was not rendered inadequate by counsel's mere expectation, also communicated to movant, that a lesser sentence would be imposed nor by counsel's omission to characterize, by mathematical odds or appropriate adjectives, the likelihood of the actual sentence. Point (3) has no merit.

The judgment is affirmed.

All concur.