**Willie George COPHER, Respondent,**

v.

**STATE of Missouri, Appellant.**

**No. 43021.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for appellant.

Joseph W. Downey, Public Defender, St. Louis, for respondent.

CLEMENS, Senior Judge.

The state appeals the circuit court's order granting the Rule 27.26 motion of movant (defendant) Willie Copher. The hearing

court set aside the conviction and remanded the case for trial.

Six years ago when defendant was 16 years old he pled guilty to second degree murder on the advice of retained counsel. The range of punishment then ran from ten years to life. Knowing the prosecutor would urge the maximum penalty, defendant followed his counsel's advice and pled guilty. The court handed down judgment accordingly.

By his Rule 27.26 motion defendant claimed—and the court found—his guilty plea had not been made knowingly and understandingly. This, because defense counsel had assured defendant he would qualify for parole in five years.

On appeal the state now contends the hearing court erred. This, because defense counsel's statement was not a promise parole would be granted. That is the issue.

We have studied the evidentiary hearing. Defendant testified for himself. Original defense counsel testified for the state. We find the record supports the circuit court's findings of fact and conclusions of law.

The court found: Defendant's testimony was candid and without connivance; that his youth and inexperience led him to follow his counsel's advice to plead guilty; that counsel had promised he could expect to be paroled in five years; that defense counsel's testimony was less explicit, but he had encouraged the guilty plea by assuring his client of the possibility of early parole.

The court concluded that in pleading guilty because of his youth and inexperience defendant relied on his counsel's erroneous statement about when he could expect to be paroled; that therefore defendant's guilty plea was not made with the required understanding of the consequences.

The state now contends defense counsel's statement to defendant was not such a promise of parole that made the guilty plea involuntary. In response defendant contends the hearing court properly found his guilty plea involuntary because it was not made with the required knowledge and understanding.

Here, the state first relies on *Mick v. State*, 487 S.W.2d 452 [1] (Mo.1972). There, the court upheld the denial of post-conviction relief. The trial court had disbelieved defendant's claim his counsel had misled him as to probable punishment and held the defendant was not entitled to rely on hope that "was not based on positive representations". In contrast, the court here pointedly found defendant's testimony was credible as to being paroled in five years. *Mick* does not help the state.

Nor does the state's cited case of *Christian v. State*, 509 S.W.2d 783 [3–4] (Mo.App. 1974). There, defense counsel denied he made any promises to defendant about the duration of punishment, and defendant's own testimony about that was vacillating and self-serving. The trial court disbelieved defendant's testimony. That contrasting conclusion distinguishes both *Christian* and *Mick* from our case.

As held in *Warren v. State*, Mo., 482 S.W.2d 497 [1], and by Rule 27.26(j), our review is limited to determining whether the lower court's judgment is clearly erroneous. We find its judgment is supported by evidence specifically found to be credible.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.