**William COLEMAN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32008.**

Missouri Court of Appeals,
Western District.

Aug. 18, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 22, 1981.

Application to Transfer Denied
Oct. 13, 1981.

---

**9.** That precise issue was also before the Industrial Commission, and a point made but not reached on this appeal.

Thomas J. Marshall, Moberly, for movant-appellant.

John Ashcroft, Atty. Gen. and Suzanne M. Boersig, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

William Coleman filed this Rule 27.26 motion challenging his 1969 conviction of felony murder in the 1968 death by burning of one Geraldine Settle in Moberly, Missouri. The motion alleged ineffective assistance of trial counsel, and that he was denied means of discovery of evidence in the trial.

The trial court conducted an evidentiary hearing on the 27.26 motion and denied the same with findings of fact and conclusions of law. From the denial of the motion the movant has appealed to this court.

We find that the trial court's fact findings were amply supported by the evidence and that he correctly applied the law in denying the motion, hence are not "clearly erroneous", Rule 27.26(j). We affirm the judgment.

The evidence in the trial which resulted in Coleman's conviction was that he had thrown a bucket of gasoline into the interior of a tavern in Moberly, Missouri, and ignited it, killing Geraldine Settle and eleven others. The state's principal witness was Vera McSparren, one of four people inside the tavern who escaped. Defendant had purchased the bucketful of gasoline at a nearby service station immediately before the incident. The defendant's conviction was affirmed by the Supreme Court of Missouri, *State v. Coleman*, 460 S.W.2d 719 (Mo. banc 1970).

1. *Ineffective assistance of counsel.*

■ We first take up Coleman's claim of ineffective assistance of trial counsel.

■ As we review the evidence relating to counsel's performance, we do so with the standard of *Seales v. State*, 580 S.W.2d 733, 735–736 (Mo. banc 1979) in mind, i. e., that counsel should render "that degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances". Movant in order to obtain

relief from his conviction must show ineffective assistance of counsel by the above standard, and must show also that he was prejudiced thereby.

### 1–a. *Ineffective assistance of counsel— failure to present witnesses.*

Mr. Coleman specifies three points at which he claims his counsel fell short in the performance of his duties. The first point is that he failed to secure the attendance, and to call to testify, five witnesses who would have aided Coleman's cause.

■ Of the five witnesses, Coleman says that four of them would have testified that they were in jail with Vera McSparren after the fatal fire and before the trial, and that Vera McSparren made statements that contradicted her trial testimony that William Coleman threw the gasoline and ignited it. Mr. Porter, Coleman's court-appointed counsel, testified on the 27.26 hearing with respect to the four witnesses who were supposed to have heard such prior contradictory statements by Vera McSparren, that three of them had been interviewed before the trial by a lawyer associate and an investigator and that their testimony would not establish any prior contradictory statement by Vera McSparren. The three were subpoenaed and were at the trial, but Porter elected not to call them to testify. One of these three witnesses testified on the Rule 27.26 hearing, contra to Mr. Porter, that she had heard such prior inconsistent statements by Vera McSparren. The resolution of the conflict in testimony, however, was for the trial court to resolve and is not reviewable by us on appeal. The trial court was correct in his denial of Coleman's motion on this ground.

The fourth witness who was supposed to have heard the prior contradictory statements by Vera McSparren, Donna Miller, testified on the Rule 27.26 hearing and said that she did not recall any such statements by McSparren. Attorney Porter testified that they had been unable after a diligent search to locate Donna Miller before the trial. There was some testimony at the 27.26 hearing that she was present at the trial and available to testify, but of course there could be no prejudice to Coleman in her failure to testify.

The fifth witness who Coleman claims would have aided his cause was one Bobby Hess. Attorney Porter said that they had made a thorough search before the trial in an attempt to locate Bobby Hess but had been unable to do so. Hess testified on the Rule 27.26 motion hearing that three or four hours before the fire Coleman had said to him, as they were drinking beer at the Pastime Tavern, "Somebody has to go out and fix your car, go out and clean the starter". Hess had lent Coleman a car a few days before and Coleman had damaged it. At the trial, a service station operator testified that Coleman had made a similar statement when he purchased the bucketful of gasoline. Coleman's theory on the 27.26 motion is that Hess's testimony would have provided additional corroboration to his own testimony that he had bought the gasoline for the purpose of cleaning his hands and his tools in the process of repairing the Hess car, and not as the state contended for the purpose of burning the tavern.

■ Mr. Porter's representation cannot be said to have been ineffective when he had made a thoroughgoing though unsuccessful effort to locate Bobby Hess, and when the Hess testimony would have been merely cumulative and of small consequence. *Barton v. State*, 586 S.W.2d 819, 821 [3] (Mo.App.1979); *Aikens v. State*, 549 S.W.2d 117 (Mo.App.1977); *Jackson v. State*, 540 S.W.2d 616 (Mo.App.1976).

### 1–b. *Ineffective assistance of counsel— failure to object to testimony.*

Movant then claims his attorney was ineffective in failing to object to the testimony of Mr. and Mrs. Hemker, of Coleman's incriminating statements made to them immediately after the fire. The ground for an objection would have been that the names of Mr. and Mrs. Hemker and the content of Coleman's incriminating oral statements had not been disclosed by the prosecutor. In a pre-trial conference with

the court, the prosecutor had promised to furnish defendant's counsel with the names of the state's witnesses who would testify to Coleman's incriminating statements, and the content of the statements themselves. The admission of the Hemker testimony was assigned as error in the original appeal, *State v. Coleman*, supra at 725–726, and was held not to be preserved for review.

There was no testimony in the Rule 27.26 hearing at all about the Hemker testimony. Mr. Porter was not asked about it on direct or cross-examination. There is actually no proof that the disclosure had not been made by the prosecutor to Mr. Porter, but we will assume, as Coleman contends, that it had not been disclosed.

■■■ The making of objections to testimony is something which must in most cases be left up to the judgment of trial counsel. *Clark v. State*, 578 S.W.2d 60–61 (Mo.App.1978); *Nelson v. State*, 537 S.W.2d 689, 695 (Mo.App.1976). By the time the Hemkers testified, the defendant's culpability had been well established by other testimony. Some of the Hemker testimony about the defendant's apparent agitation and distraction might have touched a sympathetic chord in the jurors' minds. The trial court did not err in refusing to set aside the verdict and judgment because of trial counsel's failure to object to this bit of testimony which appears of small significance in the total picture. *Clark v. State*, supra.

1–c. *Ineffective assistance of counsel— failure to take change of venue.*

Coleman next says that his attorney failed to serve him adequately in that he failed to take a change of venue from Randolph County where the crime occurred. Coleman testified that he had told Attorney Porter that he wanted a change of venue if the five witnesses did not testify, whose absence as earlier discussed furnishes one of the grounds for complaint in the present proceeding. Mr. Porter testified, on the other hand, that he discussed a change of venue with Coleman, and that Coleman adamantly resisted a change of venue. Cole-

man's reasons for resisting the change of venue, Porter testified, were that if he had any friends anywhere they were in Randolph County, and also that Vera McSparren, the state's principal witness, was known in Randolph County.

■■■ The trial court's decision was that the failure to seek a change of venue did not constitute ineffective assistance of counsel, and we find no error in the court's decision on that point. *See Beeman v. State*, 502 S.W.2d 254 (Mo.1973); *Fitzpatrick v. State*, 578 S.W.2d 339 (Mo.App. 1979); *Rogers v. State*, 564 S.W.2d 576 (Mo. App.1978).

To sum up, with respect to Coleman's allegations of ineffective assistance of trial counsel, the evidence was entirely sufficient to support the trial court's finding that trial counsel's performance was up to acceptable standards under *Seales v. State*, supra.

2. *Denial of due process in use of testimony undisclosed upon request for discovery—trial error.*

Movant's next point in his 27.26 motion is that movant was denied due process of law in the use of the Hemker testimony of his incriminating statements, discussed earlier under the ineffectiveness of counsel heading, without having disclosed the names of the Hemkers and the statements which they would ascribe to defendant.

■■■ This was no more than trial error, if error at all. It was held in *State v. Coleman*, supra at 725–726, not to have been preserved for review. Rule 27.26 does not reach mere trial error, which is not so egregious as to rob defendant of a fair trial. The evidence here is not of the damning character which might have made the difference between acquittal and conviction, or which might have made a substantial difference in punishment. In the total picture it is of small consequence. *Baker v. State*, 584 S.W.2d 65 (Mo. banc 1979); *State v. Johnson*, 524 S.W.2d 97, 101 (Mo. banc 1975). Movant cites for his position *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), but that case is not in

point. In *Brady*, the court was considering the suppression by the prosecution of evidence *favorable* to the defendant.

Judgment affirmed.

All concur.