**Ronald Bruce ROGERS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12918.**

Missouri Court of Appeals,
Southern District,
Division One.

April 18, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied May 2, 1983.

Application to Transfer Denied
May 31, 1983.

Charles E. Atwell, Koenigsdorf, Kusnetzky, Wyrsch & Stites (on brief), Robert G. Duncan, Kansas City for movant-appellant.

John D. Ashcroft, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant appeals from denial, after an evidentiary hearing, of his second Rule 27.26 [1] motion to vacate a life sentence imposed following a plea of guilty to murder in the second degree.

<hr/>

1. Rule and statutory references are to Missouri Rules of Court, V.A.M.R., and to Missouri Revised Statutes, V.A.M.S.

In July 1976 movant, a white man, was charged with capital murder in connection with the shooting death of a black man. Movant was represented by the public defender. Pursuant to plea bargaining, the assistant prosecuting attorney who was handling the case filed an amended information in November 1976 charging movant with second degree murder. Following a meticulous examination of movant by the court, movant's plea of guilty to the amended charge was accepted and movant was sentenced to life imprisonment.

The first Rule 27.26 motion was filed in December 1976. In it movant alleged the public defender had been ineffective for various reasons. Following an evidentiary hearing, the trial court denied the motion and its action was affirmed upon appeal.[2]

In 1981 movant employed counsel to expend additional efforts in securing withdrawal of his guilty plea. Via the lawyer's efforts it was learned that while the public defender was representing movant before he pleaded guilty, the public defender had spoken with the prosecuting attorney anent the possibility of being employed as an assistant prosecuting attorney when his term as public defender expired at the end of 1976. Movant's second Rule 27.26 motion was filed in February 1982. It, inter alia, recited what has just been written, declared movant's ignorance thereof when his first motion was filed and tried, asserted that by reason thereof the public defender had a conflict of interest which prevented him from effectively representing movant and, as a result thereof, movant's "conviction is based on an involuntary plea of guilty entered by him on the advice of counsel whose representation of Defendant was hampered by a conflict of interest."

At the evidentiary hearing held on movant's second Rule 27.26 motion, the public defender was called as a witness by movant. In substance the public defender recounted

2. *Rogers v. State,* 564 S.W.2d 576 (Mo.App. 1978).

that as long as he held that position he could not, per § 600.020, engage generally in the practice of law which he desired to do. Therefore, he had decided in 1976 not to seek another term as public defender so that he could commence practicing law in 1977. However, to supplement the income he might have as a practicing attorney he felt he needed additional employment and he made two efforts to obtain same. (1) He had "no more than [a] five or ten minute conversation" with the prosecuting attorney concerning the possibility of becoming an assistant prosecutor. The prosecuting attorney made no commitment and, in fact, subsequently appointed another attorney as his assistant. (2) He conferred with an assistant public defender, who could practice law, about being appointed an assistant public defender in the event the then assistant was appointed to be the public defender when the office became vacant. It was the second option which occurred.

■ This court's review in a postconviction proceeding "shall be limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Brager v. State,* 625 S.W.2d 892, 894[1] (Mo.App. 1981); *Joiner v. State,* 621 S.W.2d 336, 338[1] (Mo.App.1981). The decision of the trial court is to be considered "clearly erroneous" after a review of the entire record, only if the appellate tribunal is definitely and firmly convinced that a mistake has been made. *Fellers v. State,* 576 S.W.2d 571, 572[1] (Mo.App.1979). Credibility of witnesses, including movant, is for the trial court's determination and Rule 27.26 motion allegations are not self-proving. *Johnson v. State,* 615 S.W.2d 502, 505–506[2–7] (Mo. App.1981).

■ Learned appellate counsel for movant has expended considerable effort in preparing an excellent brief on movant's behalf. Without belaboring the many cases cited, which would unduly extend this opinion, we find none containing facts comparable to those we have here. Generally, the cited authorities holding that counsel's conduct and associations amounted to a conflict of interest, were concerned with much more than a single "five or ten minute conversation" regarding the possibility of future employment and were augmented with additional evidence showing lack of effective assistance of counsel. The brief ignores the testimony of the former public defender, which the court nisi undoubtedly accepted, wherein he stated that he did nothing differently in defending movant because of his brief, single encounter with the prosecutor and that he felt he had defended movant with the same zeal as he had others before speaking with the prosecuting attorney regarding future employment. In the instant case there simply is no evidence in the record that the defender's lone and short conversation with the prosecuting attorney had the slightest influence or effect upon the representation movant received or upon the fact that movant pleaded guilty to the amended charge. Cf. *People v. Brannon,* 4 Ill.Dec. 338, 45 Ill.App.3d 616, 360 N.E.2d 85 (1976). Also see, 18 A.L.R. 4th, Criminal Counsel—Conflict of Interests, § 19[b], pp. 489–494.

The action of the trial court in denying movant's second Rule 27.26 motion is affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.