Ronald Bruce **ROGERS**, Appellant,

v.

**Carl WHITE, Superintendent, Appellee.**

No. 84–1063.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1984.

Decided June 20, 1984.

Robert G. Duncan, Kansas City, Mo., for appellant.

John Ashcroft, Atty. Gen., Melinda Corbin, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY and JOHN R. GIBSON, Circuit Judges, and HANSON,* Senior District Judge.

**ORDER**

Ronald Bruce Rogers appeals the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C.

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

§ 2254. Rogers contends he did not receive effective assistance of counsel when he pled guilty before the state court because at the time of his plea, his counsel was seeking employment with the prosecuting attorney's office. We affirm.

Rogers pled guilty to second degree murder on November 30, 1976, in the Circuit Court of Jasper County, Missouri. William Fleischaker, the Jasper County public defender, represented Rogers at his plea and sentencing hearings. Almost immediately after entering his plea, Rogers called Fleischaker with second thoughts. Fleischaker prepared a pro se motion to withdraw the guilty plea which Rogers filed on December 6, 1976. The state court subsequently appointed an attorney who filed a motion to vacate or set aside judgment pursuant to Mo.Sup.Ct.R. 27.26. At the hearing held on that motion, Rogers alleged Fleischaker was ineffective for failing to inform the judge of mitigating circumstances, failing to seek a change of venue, and failing to inform him of the substantial possibility of a sentence of life imprisonment. The trial court denied the motion and the Missouri Court of Appeals affirmed. *Rogers v. Missouri*, 564 S.W.2d 576 (Mo.App.1978). Rogers apparently did not bring these claims before the federal court.

On February 27, 1982, Rogers filed a second Rule 27.26 motion, this time alleging that his trial counsel was ineffective because his application for employment with the prosecuting attorney conflicted with his interest in fully representing Rogers. After a review of the evidence, the state trial judge found that no conflict of interest existed at the time of Rogers' plea or sentencing. The Missouri Court of Appeals affirmed findings that "there simply is no evidence in the record that the defender's lone and short conversation with the prosecuting attorney had the slightest influence or effect upon the representation movant received or upon the fact that movant pleaded guilty to the amended charge." *Rogers v. State*, 650 S.W.2d 30 at 32 (Mo. App.1983). After thus exhausting his remedies in the state court, Rogers filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri.

The district court found no reason to disturb the factual findings of the state court. Because the state courts found that Fleischaker's application for employment with the prosecutor's office did not actually prejudice Rogers' right to representation, the legal question facing the district court was whether this fact situation constitutes a per se violation of the sixth amendment. Relying on *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981), the district court held prejudice could not be conclusively implied from the facts alleged. In *Smith*, the Supreme Court refused to impute bias to a juror who had sought employment from the prosecutor while hearing a criminal case. The Court reasoned that a post-trial hearing to determine actual prejudice sufficed to guard the defendant's sixth and fourteenth amendment rights. In the instant case, the district court held that Fleischaker's conflict of interest did not violate the sixth amendment because the state courts had found no actual prejudice.

We have carefully examined the briefs of the parties, the record on appeal, and the district court's memorandum opinion. Finding no error of law or fact we affirm on the basis of the district court's well-reasoned decision. *See* 8th Cir.R. 14.