John Earl MURRAIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 37400.

Missouri Court of Appeals,
Western District.

July 8, 1986.

Cathelene L. Winger, Warrensburg, for appellant.

William L. Webster, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P.J., and PRITCHARD and TURNAGE, JJ.

PRITCHARD, Judge.

In this Rule 27.26 proceedings, appellant sought to have vacated his judgment of conviction and sentence to 50 years imprisonment in the Department of Corrections, entered upon his plea of guilty to a charge of murder in the second degree entered on May 16, 1984.

Appellant was first charged by information filed January 10, 1984, with capital murder; murder in the first degree (both alleged to have arisen by the killing of Trennouth Eugene Standley by shooting him on October 23, 1983); burglary; and armed criminal action. On May 16, 1984, apparently as a result of a plea bargain, a first amended information was filed charging appellant with murder in the second degree committed on the same date, October 23, 1983, and also alleging that he was a prior offender. The first amended information alleged the "violation of Sections 565.004 and 562.041, RSMo," and that appellant "committed the Class A Felony of Murder in the Second Degree, punishable upon conviction under Section 565.008.2."

■ In his Point I, appellant first contends that the trial court was without jurisdiction to hear his guilty plea. It is argued that § 565.004 was repealed by L.1983, p. 922, S.B. No. 276, § 1, and therefore there was no second degree murder statute in effect at the time appellant entered his plea of guilty as the new second degree murder statute, § 565.021 (Cum.Supp.1984), did not become effective until October 1, 1984. The argument ignores the further action of the Senate, which changed the effective date of the repeal by L.1984, p. 757, S.B. No. 448, § A, from July 1, 1984 to October 1, 1984. Thus, § 565.004, RSMo 1978, was in effect not only at the time appellant was alleged to have committed the offense, but also at the time the first amended information was filed and appellant entered his plea of guilty thereon, whether the effective date of the repeal was July 1 or October 1, 1984. The contention is without merit.

■ Secondly, appellant contends that the information correctly classified murder in the second degree as a Class A felony. It is true that § 565.021 prescribes the punishment for second degree murder to be that of a Class A felony (which under § 558.011–1(1) is a term of years not less than 10 nor more than 30, or for life), but § 565.021 was not effective until October 1, 1984. The information does charge that the punishment is under § 565.008.2, which is imprisonment for a term of not less than 10 years, under the second degree murder statute, § 565.004 in effect at the time. The reference to the crimes being a Class A felony must be regarded as surplusage. The information is sufficient to charge the crime so as to constitute a bar to its further prosecution. The information properly refers to § 565.008.2 [Rule 23.01(b)4] as the punishment statute. No prejudice to appellant appears by the erroneous reference to "a Class A Felony", Rule 23.11. Point I is overruled.

■ In Point II, appellant contends that his guilty plea was not voluntarily and knowingly entered because, first, the trial court did not comply with the mandatory requirement of Rule 24.02(b) in that it did not inform him of the minimum and maximum penalties for the offense charged. The record shows that at the time the guilty plea was entered, the trial court did not inform appellant of the minimum sentence of 10 years imprisonment, but did inform him that the maximum sentence was life imprisonment. Appellant's trial counsel, however, testified in this Rule 27.-26 hearing that he advised him that the minimum sentence was 10 years imprisonment in the Department of Corrections "and it could go anywhere from there." Thus, appellant was fully aware of the

range of punishment, and the trial court's failure to inform him of the minimum was but a harmless, technical violation of Rule 24.02(b). See *Griffin v. State*, 684 S.W.2d 425, 426–427[2] (Mo.App.1984).

■ Next, under Point II, appellant says that his plea of guilty was based upon a misconception regarding parole which was induced by statement of his counsel. It appears that during plea bargain negotiations that appellant was offered two separate plea agreements by the prosecutor. One was that in exchange for his guilty plea to second degree murder and armed criminal action, the prosecutor would recommend a 35 year sentence on each to run concurrently. The other was that in exchange for a plea of guilty to second degree murder, a 50 year sentence would be recommended. Upon being told of the plea bargain alternatives, appellant asked his counsel upon which one would he be eligible for parole earlier. Counsel then contacted an attorney for the Missouri Department of Corrections and asked him the same questions that appellant had asked. The attorney advised that any sentence over 30 years would be treated as a life sentence upon which the average time served was then 12 years, and that a conviction of armed criminal action tended to add one or two years to the time served. The attorney left counsel with the impression that appellant might serve more time considering the averages if he were sentenced to 35 years on the murder second charge and 35 years on the armed criminal action than on the 50 year sentence for murder second alone.

Although appellant alleges in his motion that it was the trial court which misled him into believing that he could receive parole quicker if he pleaded guilty to murder in the second degree, it was his testimony at this Rule 27.26 hearing that it was his counsel who told him he would be eligible for parole sooner on the 50 year sentence. Counsel testified that he did not make a recommendation between the two plea bargain alternatives, but merely advised appellant of what the Department of Correc-

tions' attorney had told him because it was difficult to give a definite answer about which one would cause him to serve more time. He did not believe that the two 35 year sentences would be a better option, not knowing what the Department of Corrections' attitude was toward armed criminal action convictions, and knowing what the Legislature's view was on the subject. Appellant testified that he learned in the penitentiary that he would serve a longer time on the 50 year sentence before being eligible for parole. Counsel testified further that he informed appellant that 99% of what happened to him would be determined by his conduct at the institution to which he was sent, and he left it to appellant to make the choice of the alternative pleas.

The information relayed to appellant was not wholly incorrect. Section 217.690–1. grants discretion to the parole board to release or parole an inmate. Subsection 2 of that section provides that a person who serves either one-third or 12 months of his time, whichever is shorter, in an orderly and peaceable manner without having any infractions of the rules or laws of the institution recorded against him shall be eligible to make application for parole and shall be given a hearing; and any person who has served two-thirds of his time or two years of his time, whichever is shorter, shall be eligible to make application for parole; and "Paroles may be granted, however, before the minimum period specified has been served." Obviously, these provisions are for the benefit of appellant under the sentence imposed upon him.

In contrast, § 571.015 provides for additional punishment of not less than 3 years imprisonment for armed criminal action, and the defendant shall not be eligible for parole, probation, conditional release or suspended imposition of sentence for a period of 3 years. By not pleading to armed criminal action, appellant eliminated that 3 years waiting period to be eligible for parole, earlier eligibility for which is his present complaint.

Considering the matter of credibility of appellant's testimony that his counsel told

him of the better option on the two alternative plea bargain offers, and his counsel's testimony that he made no recommendation either way, but left it to appellant to choose between the optional pleas (and thus whether there was a reliance upon counsel's recommendation, if made), the trial court's findings and conclusions are not clearly erroneous. Rule 27.26(j). Appellant's cited case of *Copher v. State,* 620 S.W.2d 58, 59 (Mo.App.1981), is inapposite on its findings of fact by the trial court. There, the trial court found that the young defendant relied upon his counsel's assurance that he had the possibility of an early parole on a sentence of life imprisonment, which is a finding not present, nor justifiable on the record here.

The judgment is affirmed.

All concur.