Leslie Allen **ACHTER**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 10231.

Missouri Court of Appeals, Springfield District.

Dec. 20, 1976.

See also 545 S.W.2d 86.

Fred L. Scherer, Jr., Sikeston, for movant-appellant.

John C. Danforth, Atty. Gen., W. Mitchell Elliott, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

Movant was jury-convicted of burglary and stealing. The conviction was affirmed on appeal. *State v. Achter,* 512 S.W.2d 894 (Mo.App.1974). Thereafter, movant filed a motion under Rule 27.26, V.A.M.R., which was denied without evidentiary hearing.[1] This appeal followed.

Paragraphs 8(a) and 8(b) of the 27.26 motion complained of alleged irregularities in the preliminary hearing held on the criminal charges. As the record shows that movant proceeded to trial in the circuit court without objection to the averred defects, he waived his right to object thereto and was not entitled to an evidentiary hearing of his 27.26 motion on these matters. *State v. Ashe,* 403 S.W.2d 589, 591[3] (Mo. 1966); *Shields v. State,* 491 S.W.2d 6, 10[14] (Mo.App.1973).

Further in the 27.26 motion [paragraphs 8(d), 8(h) and 8(i)], movant contends the court in the criminal case erred in denying his motions for judgment of acquittal filed at the close of the state's evidence and after the verdict of guilty, in denying his motion for new trial, and in denying his motion to suppress evidence allegedly obtained through an illegal search and seizure. Any averred error committed by the trial court in failing to sustain the motion for judgment of acquittal at the conclusion of the state's case was waived when movant introduced evidence of his own [*State v. Lewis,* 526 S.W.2d 49, 52[1] (Mo.App.1975)], and a postconviction motion under Rule 27.-

---

1. The order nisi was made following a hearing on the state's motion to dismiss movant's pleading. As do we, the circuit court had be-

fore it the transcript on appeal in the criminal cause.

26 cannot serve as a substitute for a direct appeal or be employed as a second appeal; neither may it be effective to challenge the sufficiency of all the evidence. *Harrod v. State,* 513 S.W.2d 471 (Mo.App.1974). Because the validity vel non of the involved search and seizure was ruled in movant's direct appeal (*State v. Achter,* supra, 512 S.W.2d 894), and as the question is not cognizable in a 27.26 motion [*McCrary v. State,* 529 S.W.2d 467, 470–471[3–5] (Mo. App.1975)], no evidentiary hearing was required.

■ In paragraph 8(f) movant says his "right to freedom from cruel and unusual punishment has been violated." As explained elsewhere in the motion, this alludes to treatment movant allegedly received in the county jail awaiting trial and to the treatment he experienced in the state penitentiary *after conviction.*

Rule 27.26(b)(1) states: "The provisions of this Rule may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected." Since paragraph 8(f) does not assert any right to have the sentence vacated, set aside or corrected, it need not be considered in a Rule 27.26 proceeding. *Laster v. State,* 461 S.W.2d 839, 840–841[5] (Mo.1971).

■ Movant's assertion in paragraph 8(j) of his motion that the circuit court erred in denying his motion for "mental examination under the provisions of Section 522.020 [552.020?]," did not require an evidentiary hearing for the simple reason that the transcript on appeal in the criminal case reveals that no such motion was ever made.

■ Paragraph 8(g) in haec verba: "Movant's right to the effective assistance of counsel was violated." In paragraph 9(g), movant says his counsel failed to cooperate or confer with him, made trial statements which prejudiced the judge and jury against him, and failed to raise more than one issue on direct appeal. These allegations are nothing more than naked conclusions, which are wholly devoid of facts and were properly subject to dismissal without an evidentiary hearing. *Trout v. State,* 523 S.W.2d 529, 533[3] (Mo.App.1975); *Perry-*

*man v. State,* 506 S.W.2d 480, 482[6] (Mo. App.1974).

In paragraph 8(e) movant writes that his "right to confront the witnesses against him and to testify on his own behalf was violated at the trial of movant in Circuit Court." The transcript on appeal in the criminal case belies these conclusions and the assertions made in paragraph 9(e) of the motion. As the court nisi could see from the transcript, movant was personally present in court throughout the criminal trial and his counsel cross-examined every witness called by the state. The transcript also shows that at the hearing conducted on movant's motion for a new trial in the criminal case, which hearing consumed most of the court day, movant was given free rein to augment the written points contained in the new trial motion. At that hearing witnesses were produced which movant interrogated personally and through counsel. Movant also questioned his own attorney. The transcript shows, as the trial judge found and the court considering the 27.26 motion could see, that movant did not testify at his criminal trial out of fear for his life but because of trial strategy agreed to by movant and his attorney. As the facts were litigated once, there was no call to repeat the procedure in an evidentiary hearing.

The last paragraph for consideration in movant's motion, paragraph 8(c), states: "Movant's constitutional right to have compulsory process for obtaining witnesses to testify on his behalf was violated." Some of what movant has to say about this naked assertion under paragraph 9(c) of his motion has been discussed in the preceding paragraph of this opinion and will not be repeated. Movant's contention [per paragraph 9(c)] that his intended witness Joseph C. Moore was prevented from testifying because of threats made by county officials is squarely contradicted by the transcript on appeal in the criminal case. Therein, at the hearing on the motion for new trial, movant stated that "I didn't think that I needed any other witnesses" but Kilmer Matthews. The transcript shows that Kilmer Matthews

appeared and testified as a witness for movant. Moreover, denial of an evidentiary hearing followed a consolidated hearing on two motions to dismiss filed by the state—one directed to the instant 27.26 motion and the other directed to another 27.26 motion filed by movant relating to a separate conviction which was affirmed in *State v. Achter,* 521 S.W.2d 761 (Mo.App.1975). The circuit court at that consolidated hearing had before it the transcripts on appeals in both cases and could observe, as we have done, that it was in the other case, not the one subject to the instant 27.26 motion, that movant desired the testimony of Joseph C. Moore. The transcript in the other case also reveals that the court sustained movant's request for habeas corpus ad testificandum for Mr. Moore and that he was in fact present at that trial.

By its order, the trial court necessarily determined movant's motion did not comply with the standards required for postconviction review. Therefore, its summary denial of the motion equaled findings and conclusions in opposition to the grounds set forth in the 27.26 motion, making formal findings of fact and conclusions of law unnecessary. *Hogshooter v. State,* 514 S.W.2d 109, 113[2] (Mo.App.1974).

Affirmed.

All concur.