Nolan B. JACKSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 39194.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 19, 1978.

Elbert Dorsey, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Movant, in this Rule 27.26 appeal, bases his complaint on ineffective assistance of counsel leading to his plea of guilty on three charges of armed robbery. He alleges that his trial counsel conferred with him only twice before day of trial and had failed to interview State witnesses.

 Effectiveness of counsel goes only to the issue of whether or not the plea was voluntarily and knowingly made. *Blade v. State*, 558 S.W.2d 352 (Mo.App.1977). In *Keller v. State*, 566 S.W.2d 260 (Mo.App. 1978), the issue relating to this case was stated, thus:

> . . . once a plea of guilty has been entered the question of effective assistance of counsel is immaterial except to the extent that counsel's ineffectiveness affected the issue of voluntariness and understanding. (cites omitted) Voluntariness is considered merely as a limit on the issue of counsel's effectiveness, so that if a guilty plea is voluntary then counsel cannot be charged with not affording effective assistance.

Also, in *Rogers v. State*, 564 S.W.2d 576 (Mo.App.1978), it was said l. c. 577:

> Inasmuch as the judgment and sentence are based upon a plea of guilty, the issue of counsel's adequacy is material only to the extent that it bears on the voluntariness and understanding of the plea.

In this case, we can reach no conclusion other than that movant's plea of guilty was absolutely voluntary and made with total understanding of the consequences. The trial judge allowed movant a 40 page transcript trek to recite in meticulous detail his nefarious activities in committing the robberies. Movant even described the items he took, the clothes he was wearing and the victims he robbed. The record is without any doubt as to the fact that movant's guilty plea was knowingly and voluntarily made, and under the circumstances here, no error occurred in denying movant's Rule 27.26 motion. *Blade v. State*, supra.

Further, the record belies ineffective preparation or representation of movant by his trial counsel.

Judgment affirmed.

KELLY and REINHARD, JJ., concur.