**Larry W. FREEMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39637.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 12, 1979.

Application to Transfer Denied
Feb. 13, 1979.

James Porter, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

GUNN, Judge.

Movant entered pleas of guilty to five charges of first degree robbery and two charges of assault with intent to kill with malice. He was sentenced to a 25 year term on each charge except for 15 year terms on two of the robbery charges. The sentences were to be served concurrently. His Rule 27.26 motion to set aside and vacate the judgment was denied after evidentiary hearing. He appeals the denial on the ground that the pleas were involuntary, in that: (1) he failed to receive effective assistance of counsel by reason of counsel's failure to· interview witnesses; (2) there was lack of understanding of the charges; (3) he believed he would receive a life sentence if he insisted on a jury trial; (4) there was no adequate determination that the pleas were voluntary. Movant's contentions are absolutely without merit or. justification, and˜we affirm the trial court's ruling.

The record of proceedings of movant's guilty pleas firmly establishes that they were knowingly and voluntarily made. The trial judge questioned the movant in exhaustive detail as to the charges against him, his understanding of the charges and whether he voluntarily wished to withdraw pleas of not guilty. From the record of proceedings, it is positive that movant was totally aware of his rights and the consequences of his pleas; that no promises had been made to him in exchange for the guilty pleas. Further, movant fully inculpated himself in the crimes as charged. The record absolutely refutes movant's contentions that his pleas were not knowingly or voluntarily made, and no error occurred in denying his 27.26 motion. *Rice v. State*, No. 39300 (Mo.App. St.L.Dist., Oct. 24, 1978); *Jackson v. State*, 572 S.W.2d 181 (Mo.App. St.L.Dist., 1978); *Breeland v. State*, 568 S.W.2d 564 (Mo.App.1978); *Haynes v. State*, 565 S.W.2d 191 (Mo.App. 1978).

Movant's contention that he did not receive adequate assistance of counsel by reason of his trial attorney's failure to interview witnesses is belied by the record. Movant never indicated to his counsel that any defense witnesses existed. But further, effectiveness of counsel on a guilty plea is immaterial except as it affects movant's understanding and voluntariness of his plea, which, in this case, was no factor. *Rice v. State*, supra; *Jackson v. State*, supra; *Haynes v. State*, supra; *Keller v. State*, 566 S.W.2d 260 (Mo.App.1978); *Rogers v. State*, 564 S.W.2d 576 (Mo.App.1978).

Finally, movant's assertion that his guilty pleas were not voluntary as they were based on his belief that he would receive a life sentence if he did not so plea is not a basis for relief. The decision to plead guilty is not rendered involuntary even if influenced by fear of greater punishment if the plea were not made, *Barber v. State*, 564 S.W.2d 914 (Mo.App.1978), nor, if made, in expectation of lighter punishment. *McMahon v. State*, 569 S.W.2d 753 (Mo. banc 1978). The record also positively shows that no threats of greater punish-

ment or promises of lighter punishment were made to obtain movant's pleas of guilty.

No error appears in the denial of movant's motion, and the judgment is affirmed.

REINHARD, P. J., and CLEMENS, J., concur.