John George NERO, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39986.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 23, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied
May 17, 1979.

Robert C. Babione, Public Defender, John M. Putzel, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Brenda Farr Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Judge.

Movant (hereafter "defendant"), previously having pled guilty to robbery, has appealed from the summary denial of his motion under Rule 27.26, VAMR. We have examined the guilty-plea record wherein defendant admitted in detail the factual elements of the robbery charge. The plea is regular in all respects and supports the trial court's conclusion that defendant's guilty plea was voluntarily and understandably made.

On appeal, by his only point relied on, defendant contends the court erred in denying him an evidentiary hearing because his "motion stated facts, not conclusions, which, if true, would establish *ineffective assistance of counsel* and would entitle Appellant to relief, to-wit: that Appellant's retained counsel *negligently failed to advise Appellant* prior to his guilty plea that *irregularities in the preliminary hearing afforded grounds on which to challenge the ade-* *quacy of the Circuit Court's information*; this failure on the part of counsel caused Appellant's guilty plea to be involuntary in that Appellant was not fully advised of defensive courses of action available to him." (Our emphasis.) The point is patently conclusory and does not comply with Rule 84.04(d), VAMR, by concisely stating *wherein* and *why* the court erred.

On our motion, however, we have examined defendant's motion. The essence of his complaint is that he was denied effective assistance of counsel. He contends that after the preliminary hearing, counsel failed to challenge the subsequent information on the ground that at the preliminary hearing the magistrate denied him the right to fully cross-examine the state's witnesses and that by so doing he "was deprived of securing testimony for impeachment purposes."

Defendant misconceives the function of a preliminary hearing. An incidental by-product thereof may be a basis for impeaching witnesses at trial, but that is not the purpose of a preliminary hearing, which is determination of the existence of probable cause to warrant the filing of an information. See *State v. Clark*, 546 S.W.2d 455[2–5] so holding. In *Clark* the defendant contended evidence at his preliminary hearing did not warrant a finding of probable cause. In denying this contention the court held: "A preliminary examination is in no sense a trial and does not finally adjudicate the guilt or innocence of an accused. It is simply a means to prevent abuse of power by the prosecution, while at the same time to permit arrest and detention of an accused by means of a limited inquiry into whether there is probable cause that a felony was committed and that the accused was the offender. . . . The magistrate is the sole judge of the sufficiency of the evidence on these ultimate issues and—in the absence of fraud or arbitrary conduct—that determination is not subject to review by the courts. . . . The jurisdiction of a circuit court to try for felony does not derive from the adjudication of the magistrate, but comes originally

from the formal accusation by indictment or information."

Here, we hold trial counsel was not ineffective in the trial court for his failure to raise the alleged preliminary hearing defect.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.