**Emmitt FOSTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 39941.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1980.

Paul C. Hetterman, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Michael P. Donegan, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant, Emmitt Foster, appeals from the denial of his motion to set aside judgment and sentence under Rule 27.26. Movant contends on appeal that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments in that his counsel did not investigate his cases, did not discuss his cases with him nor properly prepare either of his cases for trial.

At the evidentiary hearing, movant's attorney, Mr. Fredman testified that he was approached by a member of the movant's family who asked Mr. Fredman to see what he could do for the movant. Mr. Fredman discovered that the movant was charged with two independent robberies which were set for trial in the near future. Mr. Fredman explained to the movant that he could not be prepared to represent him at trial in such a short period of time, whereupon the movant persuaded Mr. Fredman to take his case for the sole purpose of getting a continuance. The movant indicated that he wanted the continuance for personal reasons and that at the end of such period he

would enter pleas of guilty to both charges. On cross examination, Mr. Fredman testified that he asked the movant numerous times whether he understood what Mr. Fredman had agreed to do for him. Mr. Fredman believed that movant had a clear understanding that Mr. Fredman's representation was limited to obtaining a continuance for the movant.

After Mr. Fredman obtained the continuance he expended no further effort on the movant's behalf other than reading a police report and the Grand Jury minutes.[1] The day before his pleas were to be taken, the movant informed Mr. Fredman that he wasn't going to plead guilty to either of the charges. On the day the pleas were scheduled to be taken, Mr. Fredman discussed the situation with the movant once again. According to Mr. Fredman's recollection the movant made an admission of involvement in one of the cases and indicated that he was willing to plead guilty to both offenses if the court would reduce the sentence from the State's recommended eighteen years to fifteen years. The court agreed and the pleas were entered.

At no time, other than the communication to Mr. Fredman the day before his pleas were scheduled to be taken, did movant indicate that he would not plead guilty. The movant did not contact Mr. Fredman to request further assistance nor did he provide Mr. Fredman with the names of witnesses who would have allegedly established his innocence. The movant testified that he had given the witnesses' names to the attorney appointed for him prior to Mr. Fredman's representation. Mr. Fredman testified, however, that the witnesses' names were not given to him by the movant's appointed counsel even though the two attorneys had discussed the facts of the cases.

■ The movant in a Rule 27.26 motion must establish his right to a vacation of the judgment by a preponderance of the evidence. Rule 27.26(f). The only evidence presented by the movant in this case was his own testimony. The trial court found the movant's allegations of ineffective assistance of counsel to be incredible in that the movant did not refute Mr. Fredman's testimony that the names of the witnesses were never revealed to him and the movant did not call any witnesses to corroborate his testimony.

We do not find this judgment by the trial court to be clearly erroneous and we, therefore, sustain this ruling. *Noble v. State*, 552 S.W.2d 267, 272 (Mo.App.1977).

Movant further claims that counsel's lack of assistance caused movant to enter his pleas of guilty involuntarily. The original motion to vacate did not contain this allegation and although counsel was granted leave to amend the motion to include such an allegation he apparently did not for it does not appear in the record as presented for this court's review. The trial court's leave to amend was granted despite the fact, that in his judgment, the amendment "certainly (did not) conform to the evidence in the case." The court also made findings of fact and conclusions of law in regards to the issue of the voluntariness of defendant's plea. It is on these bases that we briefly review the circumstances surrounding the pleas of guilty.

The day following the movant's decision to go to trial, he appeared with Mr. Fredman and Ms. Watkins, an attorney associated with Mr. Fredman before Judge James. Although the record is not precise as to sequence of events it appears that the movant reversed his earlier decision to go to trial and, after making a statement interpreted by Mr. Fredman as an admission, agreed to plead guilty to both offenses in return for concurrent sentences of 15 years.

■ Ms. Watkins stood with the movant as he entered his pleas, however, Mr. Fredman was present in the courtroom during a substantial portion of the pleas. The transcript of the proceedings reveals that the movant was questioned extensively to de-

---

1. Mr. Fredman had represented a co-defendant in one of the robberies and was familiar with the case having conducted an investigation of the cases and having taken a deposition of the victims. Had the cases gone to trial, this case would be tried first.

termine if he understood the nature of the offenses with which he was charged and as to whether he had consulted fully with his attorney. The movant was fully advised by the court of the range of possible punishments, his right to confront witnesses, and of the court's refusal to make promises to the movant.

The movant did not allege on appeal that he misunderstood the charges but rather says that in admitting his guilt, he lied to the court. This is evidence of fraud upon the court but is not evidence of coercion.

The only possible coercive influence in this case is the defendant's own fear that if he went to trial he would receive a longer sentence. It is assumed that fear often influences defendants to plead guilty, however, this fear does not constitute evidence of coercion. *Freeman v. State*, 575 S.W.2d 800, 801 (Mo.App.1978).

The defendant admits that he understood "what was going on when he pled guilty." We find that the pleas were knowingly and intelligently made and in doing so, affirm the trial court's denial of movant's motion to vacate the judgment.

CRIST and REINHARD, JJ., concur.