**Lonnell WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42351.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 9, 1980.

---

**3.** Also, § 546.270, RSMo 1978 and Rule 27.05, Mo.R.Crim.P. 1980.

John Ashcroft, Atty. Gen., S. Francis Baldwin, Asst. Atty. Gen., Jefferson City, for appellant.

James F. Booth, Clayton, for respondent.

GUNN, Judge.

Movant's appeal from an after–hearing denial of his Rule 27.26 motion raises two points of alleged error relating to ineffective assistance of counsel: (1) he was denied the right to retain counsel as the attorney he had hired to represent him delegated all responsibility to an associate without movant's consent; (2) the trial counsel failed to subpoena two witnesses whose names he had been supplied to aid in movant's theory of defense. We find no merit to movant's appeal and affirm the trial court's ruling.

■ At the evidentiary hearing on his motion, movant testified that he had hired Ray Howard as his attorney but had met with him only one time; that the case had been assigned to Scott Richardson, an associate of Mr. Howard's who interviewed and met with movant four or five times. Movant knew at least a month before trial that Mr. Richardson would be his trial attorney, and he offered no complaint. Mr. Richardson testified that he had not forced himself into the case and at no time did movant object to his handling of the proceedings or request another's services.

The record fully belies movant's contention that Mr. Richardson "forced" his way into the case or that movant made any complaint as to his representation prior to trial. And, except with regard to the matter of the alleged failure to call certain witnesses, which will be treated, movant makes no complaint as to the adequacy and competency of his counsel. Hence, the issue of whether his "paid" or "retained" attorney did not act as original trial counsel is not material. *Young v. State*, 473 S.W.2d 390, 394 (Mo.1971); *cf. Nickelson v. State*, 583 S.W.2d 746, 747 (Mo.App.1979) (original trial attorney not appearing at sentencing).

Movant's theory of defense for the crime for which he was convicted–second degree murder [1]–was self–defense. For his second point he asserts that he gave his trial counsel the names of two witnesses who would testify that the victim possessed a reputation of feral propensity. In response, movant's trial attorney could not recall having been given the names of the two purported witnesses and testified that he was sure he would have remembered if such were the case. It was Mr. Richardson's policy to note on his file the names of all suggested witnesses, but the names of the two witnesses supposedly offered by movant did not appear on his file. Mr. Richardson also believed that it was unlikely that the names of the two witnesses had been supplied to him, for his policy was to interview all

---

1. Movant's conviction for second degree murder was affirmed in *State v. Williams*, 545 S.W.2d 342 (Mo.App.1977).

prospective witnesses and subpoena them if any helpful information could be provided. He was certain that if he had been given the names he would have attempted to locate them if "their testimony would have been admissible and material."[2] The procedure of personally subpoenaing other witnesses was followed by Mr. Richardson on behalf of movant prior to trial.

 Movant now contends that because Mr. Richardson had no specific recollection of whether the names were given to him, whereas movant testified unequivocally that he had done so, that the only competent and probative evidence supports his assertion. In determining whether he has met his burden of proof, however, the trial judge may totally reject the testimony of the movant even though no contrary evidence appears. *Helms v. State*, 584 S.W.2d 607 (Mo.App.1979). After giving due deference to the trial court's opportunity to observe the demeanor and gauge the credibility of the witnesses at the evidentiary hearing, we cannot conclude that the factual findings of the trial court in this regard were clearly erroneous, which is our guidepost for review. *Covington v. State*, 600 S.W.2d 186 (Mo.App.1980); *Burroughs v. State*, 590 S.W.2d 695 (Mo.App.1979); *Holland v. State*, 581 S.W.2d 588 (Mo.App. 1979).

The record amply justifies the denial of movant's motion.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.

2. Mr. Richardson's response to questions by the trial court was as follows:

Q. [Trial Court] As possible witnesses who would be important to his defense, was it then and is it now more particularly, was it then, or would it then have been your policy just to have disregarded those witnesses, not put them down, their names, or just not followed up some way or other on the matter? A. [Mr. Richardson] No, sir, that would not have been my policy, and like I said, I've gone through the file and I believe I would have made some sort of notation, in any event, if I would use them or not or thought their testimony was irrelevant, inadmissable [sic] or immaterial. Nowhere in the file their names appear. [sic]

Q. If witnesses were mentioned to you as possibly being helpful in the defense of the case, I understand you say you would have put the names down on your file? A. Yes, sir.

\* \* \* \* \* \*

A. Well, if I thought they were helpful witnesses and their testimony would have been admissable [sic] and material I would have subpoenaed them and had them testify in his behalf. But if they refused to enter a subpoena and if I felt they would be adverse witnesses, I would have the Sheriff attach them and bring them in.