Christopher W. CAREAGA, Movant,

v.

STATE of Missouri, Respondent.

No. 42824.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 27, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied May 11, 1981.

---

Ralph A. Dobberstein, St. Louis, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. We affirm.

This "judicial comedy" began on May 24, 1971 when movant pleaded guilty to one

count of carrying a concealed weapon, one count of forcible rape, and three counts of robbery first degree by means of a dangerous and deadly weapon. He was sentenced to one term of five years imprisonment, and four terms of life imprisonment, the sentences to run concurrently.

Movant filed his first Rule 27.26 motion alleging that his guilty plea was neither voluntarily nor intelligently made and that, at the guilty plea hearing, movant was denied effective assistance of counsel. On May 4, 1973, an evidentiary hearing was held, and evidence presented, on these allegations. No transcript of the guilty plea hearing was available because the court reporter at that proceeding was deceased and no one else was able to transcribe his notes. Evidence presented at the evidentiary hearing included testimony by movant, movant's counsel at the guilty plea hearing, Mr. Don B. Sommers and Mr. Daniel P. Reardon, and the Honorable Harry M. James who had presided at the guilty plea hearing.

On direct examination, movant testified that the possibility of being sentenced to time in the penitentiary was never discussed with him, by his lawyers, prior to his guilty plea. He stated he did not understand that he was actually going to be sentenced to time. Although movant admitted his plea was entered of his own free will, he claimed to have had no knowledge of the possible range of punishment. Movant testified at one point that he saw his attorney twice while he was in jail. Later, he claimed his lawyers never came to see him and never gave him any information.

On cross-examination, movant admitted one of his lawyers told him the charges and asked him if he had any information to give. He further admitted knowledge that the death penalty was a possibility that he would face if he went to trial. Movant denied ever having made a statement to the police. He testified that, at the time of his plea, he did not know what it meant to plead guilty but he was aware he was admitting he had done something. Finally, he testified that the judge did not ask him if he knew he had a right to a trial by jury

and the right to confront witnesses against him.

Mr. Don B. Sommers, counsel at the guilty plea, testified that he saw a copy of movant's statement to the police and that was one reason he felt it was in movant's best interest to plead guilty. He further testified he discussed the death penalty with movant and explained the right to a jury trial and the right to confront witnesses.

Mr. Daniel P. Reardon, also counsel for movant at the guilty plea proceeding, testified that he spoke with movant at least four times at the city jail. He stated that he knew of movant's statement and that movant had been identified by the alleged victims. Finally, Mr. Reardon testified that he told movant that by pleading guilty he would be sentenced and would serve time, and that his best estimate was a life sentence.

Judge James, who presided at the guilty plea proceeding, testified as follows: The hearing took over an hour. Movant knew that the plea of guilty was the same as a verdict of guilty. Movant knew he had a right to a trial by jury. Movant said that he understood the full range of possible punishment. The prosecuting attorney recited, in open court, the details of each and every occurrence delineating what state's evidence would show. Movant then indicated that what the prosecuting attorney said was true and that he was, in fact, guilty. The judge was not aware of movant's drug addiction and there was no indication to that effect in the report he received on movant. Nothing about movant's physical appearance or his responses to questions asked by the judge indicated that movant was unaware of what was taking place.

Movant's Rule 27.26 motion was denied. Movant's attempted appeal of this denial was dismissed on June 6, 1975 for failure to timely file a notice of appeal.

On December 3, 1975, movant filed a second Rule 27.26 motion. This motion was denied on February 19, 1976. Appeal was taken to this court. We affirmed the deni-

al. *Careaga v. State,* 552 S.W.2d 25 (Mo. App.1977).

On March 8, 1979, movant filed a motion for reduction of sentence which was treated by the trial judge as a post-conviction motion. On April 6, 1979, this motion was denied.

On March 29, 1979, movant filed, in the Missouri Supreme Court, a motion for transfer to the Supreme Court alleging that counsel for his first Rule 27.26 motion failed to timely file a notice of appeal and thereafter "abandoned" appellant. On May 17, 1979, the Missouri Supreme Court entered the following order:

> [Movant's] motion to suspend or modify Supreme Court Rule to permit transfer of cause is sustained; leave granted to file application to transfer out of time; application to transfer denied without prejudice to right of applicant to file motion in the Court of Appeals, Eastern District, to withdraw its mandate dismissing the appeal and to reinstate the appeal on the docket for hearing on the merits and appointment of counsel on appeal.

On June 11, 1979, movant filed a motion for withdrawal of the mandate dismissing the appeal, for the reinstatement of his appeal on the docket for a hearing on the merits and appointment of counsel in our Court. We denied the motion on June 22, 1979 for lack of jurisdiction.

On June 29, 1979, movant filed a motion for rehearing or transfer in our Court. We denied this motion on June 13, 1979.

On July 23, 1979, movant filed a second motion for transfer in the Missouri Supreme Court asserting error in the June 22, 1979 action by this Court. On September 11, 1979, the Missouri Supreme Court entered the following order:

> [Movant's] motion to suspend the rules and to accept appellant's appeal denied without prejudice to the right of applicant to file a new 27.26 motion in the Circuit Court of the City of St. Louis without regard to 27.26(d).

On December 6, 1979, movant filed a new Rule 27.26 motion. Counsel was appointed on January 15, 1980 and movant's first amended motion to vacate judgment and sentence was filed on February 19, 1980, alleging as follows:

> 6. The pleas of guilty in causes 2716–S, 2717–S, 2718–S, 2719–S, and 2720–S were neither voluntarily nor intelligently made by movant, nor were the pleas entered with a full understanding of the nature of the offense or the possible range of punishment. In support of this, the movant states that:
>
> (a) Movant was only 18 years old at the time of his plea.
>
> (b) Movant had never been charged with a crime before and he did not understand the proceedings.
>
> (c) Movant was told by his counsel that upon a plea of guilty he would be sentenced to 15 years in the penitentiary. It was not explained to movant that he could be sentenced to the maximum term of life.
>
> (d) Movant was not told by his counsel that he was waiving his right to a trial by jury; that he was giving up his various rights at trial and the Court did not explain these rights to him before accepting his plea of guilty.
>
> (e) The Court made no finding that the movant's pleas were made voluntarily and with the understanding of the nature of the proceedings.
>
> (f) Due to the death of the Court Reporter, there is no existing transcript of the movant's plea of guilty.

On March 31, 1980, the trial court denied this motion without an evidentiary hearing. It is movant's appeal from this denial which is now before this Court.

Movant contends that the testimony presented in the transcript of the evidentiary hearing of May 9, 1973 on his first Rule 27.26 motion shows that his pleas were not intelligently and voluntarily made. Movant further contends that the September 11, 1979 order of the Missouri Supreme Court entitled him to a new Rule 27.26 motion hearing as if this were his first Rule 27.26 motion filed and without regard to the tes-

timony presented at the May 4, 1973 hearing. We disagree.

■ Movant has the burden of showing entitlement to relief in a Rule 27.26 motion. *McClure v. State*, 470 S.W.2d 548, 551 (Mo. 1971). The grounds therefor must be proven and established by a preponderance of evidence. *Foster v. State*, 593 S.W.2d 636, 638 (Mo.App.1980). Facts must be alleged sufficient to state a claim entitling movant to a hearing on the issues raised by the Rule 27.26 motion. *Jackson v. State*, 585 S.W.2d 495, 497 (Mo.1979). A proceeding under this rule will not reach trial errors nor may it be used as a substitute for appeal or as a second motion for new trial or as a second appeal. *Cook v. State*, 511 S.W.2d 819, 820 (Mo.1974); *Achter v. State*, 545 S.W.2d 83, 84–85 (Mo.App.1976).

■ Movant relies principally on the assignment of ineffective assistance of counsel. Counsel is presumed to have been competent. *Holland v. State*, 581 S.W.2d 588, 590 (Mo.App.1979). The burden of proving the grounds for relief is particularly heavy for a showing of ineffective assistance of counsel. *Pickens v. State*, 549 S.W.2d 910, 912 (Mo.App.1977). Movant must demonstrate that any omission by his attorney resulted in prejudice to his position and deprived him of substantial rights. *Eldridge v. State*, 592 S.W.2d 738, 740 (Mo. 1979); *Charles v. State*, 570 S.W.2d 700, 702 (Mo.App.1978). Ineffectiveness of counsel is only relevant insofar as it bears on the voluntary and knowing nature of the guilty plea. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979).

■ Movant's allegation that his pleas were not knowingly and voluntarily made with full understanding of the nature of the offense and the possible range of punishment is not supported by the facts alleged in his first amended motion to vacate filed on February 19, 1980 and heretofore set out. With respect to each of these we find:

(a) The allegation that movant was only 18 at the time of his plea is irrelevant.

(b) The allegation that movant had never before been charged with a crime and therefore did not understand the proceeding is irrelevant, conclusory and fails to state any fact which, in itself, merits consideration or would entitle him to relief. *Smith v. State*, 513 S.W.2d 407 (Mo.1974); see, *Nero v. State*, 579 S.W.2d 638, 639 (Mo.App. 1979).

(c) The contention that movant was told by his counsel that he would be sentenced to 15 years upon his plea of guilty is clearly refuted by the transcript of the evidentiary hearing. Movant was not only advised fully of the nature of the proceedings against him, but he understood and freely concurred in such proceedings. *Peterson v. State of Mo.*, 355 F.Supp. 1371 (D.C.Mo.1973); see, *Pauley v. State*, 487 S.W.2d 565 (Mo.1972).

(d) The transcript of the evidentiary hearing completely refutes movant's allegations that he was not told by counsel that he was waiving his right to jury trial and that the court failed to explain his rights to him before accepting his plea of guilty.

(e) The allegation the trial court failed to make any finding that movant's pleas were made voluntarily and with understanding of the nature of the proceeding is also refuted by the transcript.

(f) It is irrelevant that, due to the death of the Court Reporter, there is no transcript of the guilty plea hearing. This fact does not present a viable issue.

■ Our review of the transcript of the evidentiary hearing shows that the guilty pleas entered on the five felony charges were freely, voluntarily, knowingly and intelligently entered. Movant had the benefit of the assistance of lawyers known by the trial court to be highly respected and competent trial lawyers. *Canada v. State*, 505 S.W.2d 42, 44 (Mo.1974).

As to movant's final contention that the September 11, 1979 order of the Missouri Supreme Court required a second evidentia-

ry hearing, we do not so read the order. There is no question that the trial court could consider evidence produced at the May 4, 1973 hearing on movant's first Rule 27.26 motion. *Paxton v. State*, 565 S.W.2d 750, 753 (Mo.App.1978); *Peterson v. State*, 355 F.Supp. 1371 (D.C.Mo.1973).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.