**Delores MILLER, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 53243.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 16, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 6, 1988.

Application to Transfer Denied
May 17, 1988.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the motion court denied her Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant was found guilty by a jury of one count of capital murder in connection with the death of her husband, Errol Miller, and was sentenced to life imprisonment without possibility of probation or parole for 50 years. Her conviction was affirmed by this court in *State v. Miller*, 682 S.W.2d 838 (Mo.App.1984), which contains a thorough discussion of the evidence presented to the trial court, including movant's confession.

Movant filed a pro se Rule 27.26 motion which was amended after appointment of counsel to allege that she received ineffective assistance of counsel because her trial attorney Patrick Eng refused to interview and call to testify several potential character witnesses. Specifically, she alleged that

over the demands of the movant the trial counsel refused to investigate or call witnesses John Presley, Alma Collett, Crawley Jordan, Thurmond Phillips, Willie Hodges and Frank Crosman to testify on her behalf. The witnesses Presley and Collett would have testified to movant's good character and the witnesses Jardon, [sic] Phillips, Hodges and Crosman would have refuted any adverse reference to

movant's prior marriages as being used by movant for monetary gain. Movant made many demands for this defense and these witnesses to be presented at trial, however, counsel refused. The defense, if used, would have or could have altered the result of trial.

The motion court held an evidentiary hearing at which movant testified that she informed attorney Eng of several persons she knew and with whom she had worked over a 25–year period who would serve as character witnesses for her. In addition to relatives and Dr. John Presley, she mentioned four persons not named in her motion: a physician with whom she had worked for three years as a kidney transplant analyst, a minister, and two judges. Movant admitted the persons she named did not know anything about the offense for which she was charged, but she said they could testify that she "could not be guilty of anything like this." Movant said attorney Eng told her there "wouldn't be any use in calling them because the prosecution could tear down whatever they said...." She added that Eng did not inform her of the specific evidence the state would present to counter her character witnesses.

Eng testified that his main defense was to attack the state's evidence on cause of death. He said the state's theory at trial was that movant knew her husband was ill; that they had been married for a short time; that movant, a licensed practical nurse, had experience in medical matters; and that movant injected her husband with insulin in order to cause his death and obtain his money. Eng said his defense centered on the cause of death and that, even if movant had injected her husband with insulin, the insulin could not have caused his death. At trial, Eng presented expert testimony from two physicians who said movant's husband could not have died of an insulin overdose. Eng also put on evidence from a Mrs. Hayes whose husband shared a hospital room with movant's husband. Mrs. Hayes testified that movant had complained about the care her husband was receiving during his hospitalization.

Eng said he considered presenting character witnesses at trial, but decided not to because he did not want to permit the state to attack a character defense. He said movant had a record of prior arrests, she had been previously married several times, and there was evidence of violence associated with some of her prior marriages. Eng said he did want as many of movant's relatives and friends at the trial as possible "if nothing more than just a show of support for the sake of the jury." To this end, he spoke with movant's mother, sister, the sister's husband, and Dr. John Presley, a physician in the Memphis area. None of the four were at the trial, however.

None of the persons named by movant in her motion and in her testimony at the hearing as potential character witnesses testified at the hearing.

The motion court concluded that

[Attorney Eng's] decision not to place character in issue was based upon solid and valid reasons. There was absolutely no showing that this decision was an error, that the decision was not based upon reason or valid considerations. Certainly his judgment as an expert must be considered above the mere desire or suggestion of the movant. The court finds that attorney Eng acted responsibly and properly in his role as attorney for movant and that it cannot be said that movant was prejudiced by the decision of attorney Eng in not placing the character of movant in issue.

The court denied movant's motion.

On appeal, movant contends the motion court erred in denying her motion because her trial counsel "failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances, by failing to call to testify several character witnesses, which prejudiced [movant's] defense by denying her the opportunity to establish that she was not the type of person who would commit murder."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly

erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. At a Rule 27.26 hearing, the movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State,* 613 S.W.2d 863, 867 (Mo. App.1981). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

 In determining whether counsel's performance was deficient, the inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. The motion court should make every effort to eliminate the distortion wrought by hindsight and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson,* 719 S.W.2d at 915, *citing Strickland,* 466 U.S. at 688–89, 104 S.Ct. at 2065. The selection of witnesses is a matter of trial strategy, and the choice of trial strategy does not provide a basis for a finding of ineffective assistance of counsel. *Sanders,* 738 S.W.2d at 858. Attorney Eng's decision to forego using character witnesses constituted a reasonable choice of trial strategy that does not provide a foundation for a finding of ineffective assistance of counsel.

Although the motion court could have made its determination solely on the basis of counsel's performance, we agree that there was no prejudice to movant's defense because of attorney Eng's decision to not use character witnesses. Considering the strength of the state's evidence, including movant's statement to the police, we do not believe there is a reasonable probability that movant would not have been convicted had her attorney brought her character into issue. *See Strickland,* 466 U.S. at 695–96, 104 S.Ct. at 2068–69; *Richardson,* 719 S.W.2d at 915–16.

The motion court's findings, conclusions, and judgment are not clearly erroneous.

Judgment affirmed.

GARY R. GAERTNER, P.J., and CRIST, J., concur.