Lonnie W. LEIGH, Jr.,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53970.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion following an evidentiary hearing. We affirm.

Movant was convicted of statutory rape, two counts of attempted sodomy, and kidnapping. The court found him to be a prior offender and sentenced him to 45 years on the rape charge, 10 years on each of the attempted sodomy charges, and 10 years on the kidnapping charge, with the latter three sentences to be served concurrently with the rape sentence. The court further ordered all sentences in this case to run consecutively with a 30 year sentence movant had previously received for statutory rape.

The victim in this case was a 12 year old girl whose sister was named as a codefendant. There was evidence that the victim knew movant prior to the crimes in question. Movant's appellate counsel stated to the court in oral argument that the state made a strong case at trial against movant.

Movant's original trial counsel was public defender Richard Sindell. Sindell withdrew and was replaced by special public defender Daniel Hayes. Just prior to trial movant hired as private counsel Doris Black who conducted the trial.

The movant testified at the hearing, as did his sister and movant's friend, Larry Troupe. Movant complained that he gave his counsel the names of six to seven witnesses, including his codefendant, but that none of those witnesses were interviewed or called at trial. He also complained about the non production of certain hospital records he thought were relevant.

The motion court made extensive findings of fact and conclusions of law. Among these, the court noted it was "not persuaded that any of these potential witnesses existed for trial, or would have testified favorably to movant." The court also found that movant's trial counsel, Doris Black and Daniel Hayes, tried to locate each person movant wanted located and that any failure to locate these people was not trial counsel's fault. The court further found "[t]he trial attorneys did their best to locate all potential witnesses. It appears to this court that movant did not know the whereabouts of anyone on his list of potential witnesses."

As to the failure to produce the hospital records, the court found there was no credible evidence 1) that such records existed, nor 2) even if such records existed, that movant was prejudiced by their non production. Also, as to the failure to call movant's codefendant, Doris Black testified that she intentionally did not call the codefendant because she did not trust her. The court found Black's decision to be one of trial strategy. Finally, the court thought it significant that movant testified he was entirely satisfied with Doris Black's representation.

The motion court concluded:

Clearly, the evidence before this Court from the evidentiary hearing, both in the form of testimony and the Court file admitted *in toto*, demonstrate the following: that trial counsel representing movant sufficiently investigated on his behalf, diligently attempted to locate all potential witnesses, conferred with movant several times discussing his defense, deposed the victim, and argued defense motions to suppress statements and identification.

The record alone abundantly demonstrates that movant's counsel surpassed the requirements of competence mandated in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). The trial transcript depicts a defendant represented by a zeal-

ous and well prepared attorney. The transcript is punctuated by timely and strenuous objection by movant's counsel. Trial counsel took careful aim at the weakest portions of the State's case and pursued the avenues most advantageous to acquittal. Clearly, the transcript provides irrefutable proof of the competence and effectiveness of movant's trial counsel.

The plain truth is that the State presented a strong case against movant. There is every indication that no defense counsel could have achieved a result for movant different than the one here. Far from being prejudiced by ineffectiveness of his counsel, movant was prejudiced by his own guilt for a heinous crime. He has presented no cause for relief to this Court, nor should any be forthcoming.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State*, 613 S.W.2d 863, 867 (Mo.App.1981). *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App. 1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v.*

*State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

A motion court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W. 2d 912, 915–16 (Mo.App.1986).

In this case the trial court found that movant failed to satisfy either prong of the *Strickland* test. The court concluded that counsel was not ineffective, and further that, even had counsel been ineffective, defendant was not prejudiced.

Movant would have had the trial court rely on his own direct testimony regarding the existence of potential witnesses and his instructions to counsel. The trial court chose not to believe much of movant's testimony. As we noted in *Armour*, 741 S.W.2d at 688, this credibility determination was for the motion court to make.

In addition to movant's testimony, the motion court heard testimony from movant's trial attorneys which indicated they made reasonable efforts to locate potentially favorable witnesses. Finally, the motion court relied on the trial transcript which revealed considerable activity on trial counsel's part in moving to suppress various pieces of evidence, and which also showed a more than competent job by counsel in defending movant's cause.

The motion court's conclusion that counsel was not ineffective is supported by the record, and the court's further determination that, assuming ineffectiveness, movant was not prejudiced is not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.