**Mark Allen MORGAN,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 54219.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 13, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Elizabeth R. Brown, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of first degree assault and sentenced to 10 years imprisonment. We affirmed his conviction on direct appeal. *State v. Morgan*, 680 S.W.2d 414 (Mo.App.1984).

On March 13, 1987, movant filed a *pro se* Rule 27.26 motion; his appointed counsel filed an amended motion on November 6, 1987. Both motions alleged ineffective assistance of trial counsel in failing to investigate witnesses, failing to file motions to suppress, and failing to meet with movant until the day of trial. Movant also complained of his trial counsel's failure to include an instruction on the defense of justification.

Movant's testimony at the motion hearing tracked the allegations in his motion. He testified his trial counsel never met with him before the trial date, failed to interview complaining witnesses, failed to file motions to suppress, and failed to argue self-defense.

The only other witness at the motion hearing was movant's trial counsel. He testified he met with movant at least four times before trial, interviewed the witnesses whose names were given him by movant, and conducted all other necessary investigation. As to the failure to meet with witnesses (including movant) and the failure to investigate, the motion court found against movant: "The court finds that the

testimony of movant on [these] point[s] not credible and that the conduct of movant's counsel in this regard conformed to the care and skill of a reasonably competent lawyer rendering similar services under existing circumstances."

As to the failure to file motions to suppress, the court found there was no legal basis for such motions to be filed. According to testimony of movant's trial counsel, there was no identification issue at trial, movant made no statements on which the state intended to rely, and there was no evidence resulting from a police search. Finally, the court found no basis for a justification instruction because this would have been inconsistent with movant's theory of defense, i.e., that he did not commit the assault.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Careaga v. State*, 613 S.W.2d 863, 867 (Mo.App.1981). *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App. 1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

■ In this case, the motion court concluded neither prong of the *Strickland* test was satisfied. Virtually all of movant's factual claims were refuted by his trial counsel. The motion court chose to believe trial counsel's testimony, and as we noted in *Armour*, 741 S.W.2d at 688, this credibility determination was for the motion court to make.

■ As to the failure to file pretrial motions to suppress, neither movant's 27.26 motion nor his testimony give any indication of what evidence he would have had his trial counsel attempt to suppress. "The failure to file such a motion is tested upon the basis of the likelihood that such a motion would have resulted in any relief." *Benson v. State*, 611 S.W.2d 538, 544 (Mo. App.1981). The only evidence in this case relating to the likelihood of success was trial counsel's testimony to the effect that there were no grounds on which to base a motion to suppress. Thus the motion court's ruling on this point is supported by uncontradicted evidence.

■ The same is true of counsel's failure to pursue the defense of justification. The only evidence of the viability of that defense was trial counsel's testimony. He related that such a defense would have been inconsistent with movant's own theory of defense, i.e. that he did not commit the crime. The motion court found counsel's decision to be consistent with that of a reasonably competent attorney, and we do not believe this finding is clearly erroneous. Furthermore, we do not believe the motion court erred in finding no prejudice. The record reveals that the state's case against movant was extremely strong.

Because the motion court's findings of fact and conclusions of law are not clearly erroneous, we affirm the motion court's judgment.

CRANDALL, P.J., and CRIST, J., concur.