NO. 07-11-0296-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 22, 2011

_____

NANCY Y. IIAMS,

                                                           Appellant

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A
FANNIE MAE,

                                                           Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY;

NO. 10-1525-CC4; HONORABLE JOHN MCMASTER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Nancy Y. Iiams appeals *pro se* a trial court judgment of forcible detainer ordering Iiams to vacate the premises at 3811 Links Lane, Round Rock, Texas, in favor of the Federal National Mortgage Association (Fannie Mae). She contends that the trial court denied her due process in failing to explain to her that Rule of Evidence 902 would be used at trial to authenticate copies of the Substitute Trustee's Deed as a business record to show that Fannie Mae purchased the property at a foreclosure sale. She

further contends that original documents must be used. We affirm for the following reasons.

First, Iiams failed to raise her due process allegation at the hearing when the business records were introduced into evidence. Thus, the contention was not preserved for review. *Neely v. Commission for Lawyer Discipline,* 302 S.W.3d 331, 339 n.6 (Tex. App.–Houston [14th Dist.] 2009, pet denied) (the failure to raise a due process claim to the trial court waives it).

Second, Iiams has cited no legal authority support of her contention that the trial court had a duty to explain the Rules of Evidence to her or that only original documents could have been admitted at the hearing. By failing to do so, she has inadequately briefed her complaints and waived them. TEX. R. APP. P. 38.1(h) (stating that the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *ERI Consulting Engineers, Inc. v. Swinnea,* 318 S.W.3d 867, 880 (Tex. 2010).

Third, a *pro se* litigant is held to the same rules as a licensed attorney. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978); *Alexander Shren-Yee Cheng v. Zhaoya Wang,* 315 S.W.3d 668, 672 (Tex. App.–Dallas 2010, no pet.) (a *pro se* litigant not understanding the technicalities of the rules of evidence does not constitute grounds for reversal); *Baughman v. Baughman,* 65 S.W.3d 309, 314 (Tex. App.–Waco 2001, pet. denied) (stating that the rules of evidence contain no provision for being relaxed because one party is not represented by an attorney). Thus, Iiams was bound by the rules irrespective of whether anyone explained them to her.

Fourth, liams does not argue that the requirements contained in Texas Rule of Evidence 902(10) (describing the manner of authenticating business records by affidavit) were not met. Nor does she allege that the records in question failed to come within an exception to the hearsay rule such as that provided in Texas Rules of Evidence 803(6) and (7). She also fails to contend that the evidence warranting issuance of the writ of possession was insufficient despite application of the aforementioned rules of evidence or otherwise contend that those rules were inapplicable.

Accordingly, we overrule the contentions she does assert and affirm the judgment.


Per Curiam